HARDIN COX

*v.*

FERDINAND STERN.

*Opinion filed December 22, 1897.*

1. MORTGAGES—*statute does not prescribe form for affidavit extending lien of chattel mortgage.* Section 4 of the Mortgage act, as amended in 1891, (Laws of 1891, p. 172,) which provides for the extension of the lien of a chattel mortgage by an affidavit reciting certain facts, does not prescribe the manner of authenticating the affidavit.

2. AFFIDAVITS—*affidavit defined.* An affidavit is a written declaration on oath, sworn to by the person making it, before some officer duly authorized by law to administer oaths.

3. SAME—*venue—when ascertained by an inspection of seal attached by notary.* Where the venue of an affidavit extending a chattel mortgage lien imperfectly states the venue as being "State of Illinois, county of Illinois," the true venue may be ascertained by reference to the seal attached by the notary administering the oath, which shows the county within which he is authorized to act.

4. SAME—*notary is presumed to have administered oath where authorized to act.* In determining the venue of an affidavit by inspection of the seal attached by the notary, it will be presumed that the notary administered the oath in the county within which he was duly authorized to act.

5. SAME—*inscription on notary's seal attached to affidavit is presumed to be true.* In determining the venue of an affidavit by reference to the notary's seal attached thereto, it will be presumed that the inscription upon his seal, descriptive of his office and showing the name of the place or county where he resides, is true.

6. Same—*effect where recorder fails to copy inscription on notary's seal.* Where the venue of an affidavit can be ascertained only by an inspection of the notary's seal attached thereto, the fact that the recorder does not copy the inscription but merely makes a scrawl, writing in the word "seal," does not vitiate the affidavit, as the recorder should copy the inscription.

7. Same—*affidavit filed in county where made is good without a seal.* An affidavit filed for record in the county where made is good without the seal of the notary administering the oath, as the court will take judicial notice of the notaries public of its county.

8. Same—*certificate of officer is not a necessary part of affidavit.* The *jurat*, or certificate of the officer administering the oath, is not a necessary part of the affidavit, and it may be shown *aliunde* that the statements in the affidavit were in fact made as they purport to be,—on oath duly administered by an authorized officer.

CARTWRIGHT and WILKIN, JJ., dissenting.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

J. A. BELLATTI, for appellant.

EDWARD P. KIRBY, and WILLIAMS, LINDEN, DEMPSEY & GOTT, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a suit in replevin, by appellee, for household furniture, carriage, horses, etc., taken by appellant, as sheriff of Morgan county, under four executions issued on judgments against Bessie and Henry Schoenfield. Appellee claims under a chattel mortgage executed by the Schoenfields to him, which mortgage was sought to be extended, under the statute, by filing an affidavit for record in the recorder's office of Morgan county. The circuit court gave judgment for appellee that he have the property, and for costs. Appellant appealed to the Appellate Court, where the judgment was affirmed, and he has further appealed to this court.

The only point discussed by appellant before the Appellate Court, and the only one made in this court, is, that the alleged affidavit was insufficient to extend the mortgage; that it really was no affidavit, and that it was error to admit the same in evidence, and error also to admit parol evidence to aid and supplement the said affidavit.

The venue and commencement of the affidavit are as follows:

"STATE OF ILLINOIS, } ss.
   *County of Illinois.* }

"We, Henry L. Williams, attorney for Ferdinand Stern, of Cook county, State of Illinois, and Henry Schoenfield and Bessie Schoenfield, of Morgan county, State of Illinois, being duly sworn, each for himself and herself, says that," etc.

The conclusion and certificates are as follows:

"And affiants make this affidavit for the purpose of extending the time of payment of said debt, and the lien of said chattel mortgage on the property therein mentioned, according to the statute in such case made and provided.   Such chattel mortgage is hereby extended by agreement of Henry Schoenfield and Bessie Schoenfield, mortgagors, and Henry L. Williams, attorney for the said Ferdinand Stern, mortgagee, to the twenty-third day of March, A. D. 1897.

> HENRY L. WILLIAMS,
> Att'y for Ferdinand Stern, mortgagee.
> BESSIE SCHOENFIELD,
> HENRY SCHOENFIELD.

"Subscribed and sworn to by the said Henry L. Williams before me this 25th day of March, A. D. 1895.

> CHARLES E. ANTHONY,
[Notarial Seal.]                              *Notary Public.*

"Subscribed and sworn to by said Henry Schoenfield and Bessie Schoenfield before me this.... day of March, 1895."

The notarial seal was inscribed: "Charles E. Anthony, Notary Public, Cook county, Illinois." On the back of the affidavit was a duly executed certificate of acknowledgment of the justice of the peace in Morgan county that the Schoenfields appeared before him and acknowledged that they signed said affidavit; but, of course, such an acknowledgment cannot take the place of the required oath.

Objections are made that the instrument in question is not an affidavit, but only a statement; that after admitting the parol evidence it is, at most, only a sworn statement; that it has no venue, and that there is no signature or date to the *jurat* referring to the Schoenfields; that the statute requires an affidavit in order to extend a chattel mortgage; that the affidavit must be perfect and complete, and must so appear of record, to be valid against creditors, and that parol evidence is inadmissible to aid or sustain the same.

The statute allowing the lien of a chattel mortgage to be extended requires the filing for record of an affidavit setting forth particularly certain facts enumerated in the statute. (See Rev. Stat. chap. 95, sec. 4, as amended in 1891.) It nowhere directs or specifies anything in regard to the formal parts or authentication of the affidavit. Bouvier's Law Dictionary defines an affidavit to be "a statement or declaration reduced to writing, and sworn or affirmed to before some officer who has authority to administer an oath." And in 1 Encyclopedia of Pleading and Practice (309) it is said: "An affidavit is a voluntary *ex parte* statement, formally reduced to writing and sworn to or affirmed before some officer authorized by law to take it." This court said in *Harris* v. *Lester*, 80 Ill. 307: "An affidavit is simply a declaration on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths."

As to the venue, we held in *Hertig* v. *People*, 159 Ill. 237, that a notary public "being a public officer, it will be presumed he administered the oath in the county within which he was authorized to administer oaths, for the presumption is that he has done his duty." The venue of this instrument is: "State of Illinois, County of Illinois,—*ss.*" As there is no such county in this State, we must look at the seal of the notary to ascertain for which county he was authorized to administer oaths. The seal bears the following inscription: "Charles E. Anthony, Notary Pub-

lic, Cook County, Illinois." The statute (chap. 99, sec. 7,) provides that "each notary public shall * * * provide himself with a proper official seal, * * * upon which shall be engraved words descriptive of his office, and the name of the place or county in which he resides." It will be presumed that the notary has complied with the statute, and that the inscription on his seal speaks the truth. We think the venue sufficiently appears. Indeed, if the instrument had been filed in Cook county it would have been good without a seal, as the courts will take judicial notice of the notaries in their county. *Schaefer* v. *Kienzel*, 123 Ill. 430.

Appellant insists that the inscriptions on notaries' seals never appear of record, but that the recorder simply makes a scrawl, and writes in it the word "Seal." There is no merit in this contention. The recorder should copy such inscriptions on the seals.

It is next contended that the instrument is inoperative as an affidavit because the *jurat* as to the oaths of the Schoenfields is not signed or authenticated in any way. But the *jurat* of the officer is not the affidavit, nor, strictly speaking, any part of it. It is simply evidence of the fact that the affidavit was properly sworn to by the affiant. (*Williams* v. *Stevenson*, 103 Ind. 243; 1 Ency. of Pl. & Pr. 316, and notes.) It has been frequently held, both in this State and elsewhere, that affidavits for attachment are not void because the clerk or officer failed to affix his signature to the *jurat*. *Kruse* v. *Wilson*, 79 Ill. 233.

But it is contended that there is a difference between attachment cases and the case at bar, because in attachment cases the affidavit is merely the initial proceeding of the cause and may be amended at the trial, while in this case the statute requires that the record should disclose all the facts, and no parol evidence can add to that record, for creditors are not bound to look beyond the record. We are referred to *Coleman* v. *Goodnow*, 36 Minn. 9, *Stetson & Post Mill Co.* v. *McDonald*, 5 Wash. 496, and *Hill* v.

*Alliance Building Co.* 6 S. Dak. 160, as supporting appellant's contention. In the first two cases the court held the affidavit defective for want of a seal to the *jurat*, and the third case was based on the other two, in that case one *jurat* having the seal of the notary but no signature, and the other being by a foreign notary, with no seal or certificate of authority attached. We have held that a seal is not required by the statute to be affixed to a *jurat* to be used within the county of the officer. The statute provides nothing as to the *jurat* or mode of authenticating the affidavit. (*Schaefer* v. *Kienzel, supra.*) The decisions referred to, therefore, can hardly be regarded as authority on this point.

We are also referred to *McDermaid* v. *Russell*, 41 Ill. 489, where the court said: "The affidavit of non-residence does not appear to have been sworn to before any officer. For that omission it was no affidavit, and gave no authority to the court to enter an order for publication." No copy of the affidavit is given, and nothing appears to show how it appeared that no oath was administered. See, also, *Bickerdike* v. *Allen*, 157 Ill. 95.

The affidavit in this case begins with the names of the parties, and then follows, "being duly sworn, each for himself and herself, says." They are referred to as "affiants" in the body of the instrument a number of times, and the same concludes, "and affiants make this affidavit," and their names are signed. The oath of the attorney, Williams, is properly authenticated, but not so the oaths of the Schoenfields. The record in the recorder's office then disclosed, or at least contained the statement, that all the parties were sworn, but failed to show the evidence of the officer who administered the oaths to two of them. Is this such an affidavit as the statute contemplates, or is it void as to creditors because the evidence that the oath was actually and duly administered was not preserved by a proper certificate of the officer attached? We have carefully examined all the cases in this

court on the subject of defective affidavits to which we have been referred, and find that, as a general rule, they were held insufficient on account of defects in matters of substance, which could not be aided by parol. In *McDermaid* v. *Russell, supra*, it does not appear that there was any evidence that the affidavit was sworn to. But the case is different here. We think enough appears in the record, no objection being made to the substance of the affidavit, to show a substantial compliance with the statute, upon proof being made of the truth of the statement in the affidavit that the affiants were duly sworn,—that is, that the statements contained in the instrument were made on their respective oaths.

We are of the opinion that the *jurat* or certificate of the officer administering the oath is not a necessary part of the affidavit, but that it may be shown *aliunde* that the statements contained in the instrument were in truth and in fact made as they purported to be,—on oath duly administered by an officer duly authorized. The statute prescribes no form for the affidavit, and makes no provision as to the form in which the evidence of the oath shall be preserved or made to appear, but only requires that an affidavit shall be filed, etc. Of course, common prudence would dictate that a properly executed *jurat*, or certificate of the officer showing the oath, should be attached; but when attached it is not conclusive, but may be shown to be false, and if shown to be false, and that no oath was in fact administered, the instrument would not be an affidavit.

We are of the opinion that the record was sufficient to give notice to third persons that the alleged affidavit was made on oath, and that parol evidence was admissible on the trial to prove that the oath was actually taken. The judgment of the Appellate Court will therefore be affirmed.                                    *Judgment affirmed.*

WILKIN and CARTWRIGHT, JJ., dissenting.