LEO J. FITZSIMMONS, PLAINTIFF-RESPONDENT, v. THE
BOARD OF EDUCATION OF THE BOROUGH OF CAR-
TERET, IN THE COUNTY OF MIDDLESEX, A BODY
CORPORATE, DEFENDANT-PROSECUTOR.

Heard May 14, 1940—Decided May 18, 1940.

Before Justice CASE, sitting as a single justice.

For the prosecutor of the rule, *David S. Jacoby.*

For the respondent on the rule, *Haines & Chanalis* and
*Paul M. Strack.*

CASE, J.   This is on a rule to show cause why plaintiff's
judgment entered by default, the execution issued thereon

and the levy made thereunder upon school funds of the Board of Education of the Borough of Carteret in bank in that Borough should not be set aside and vacated. Plaintiff's suit was instituted by summons and complaint served on the Board of Education of the Borough of Carteret on March 26th, 1940. Upon the complaint was endorsed a demand for the filing of an affidavit of merits within ten days from the service. On April 1st the defendant filed with the clerk a paper which purported to be an affidavit of merits. It was in all respects regular except that the title of the person who signed the jurat was not made manifest. The jurat was in these words: "Sworn and subscribed to before me this 1st day of April, 1940," and was signed "Nathaniel A. Jacoby." Nathaniel A. Jacoby was an attorney-at-law of this state and as such was authorized by the statute, *R. S.* 41 :2-1, to administer oaths and affidavits. He was a brother of David S. Jacoby, the attorney of record for the defendant board. The affidavit itself was, of course, in writing and was signed and sworn to by the president of the Board of Education before the said Nathaniel A. Jacoby. On April 2d plaintiff's attorneys received from the defendant's attorney a copy of the filed affidavit. Answer was filed on April 11th, 1940, and a copy of the answer was received by plaintiff's attorneys on April 12th. Notwithstanding the facts incident to the affidavit of merits the attorneys for the plaintiff, on April 6th, 1940, entered judgment final as on default for the failure of the defendant to file the affidavit, and the clerk forthwith assessed damages at $5,971.87 and $54.75 costs, making a total judgment of $6,026.62. Upon that judgment execution issued directed to the Sheriff of Middlesex County who, on or about April 20th, 1940, made levy upon moneys of the Board of Education on deposit with the Carteret Bank and Trust Company consisting of a current account of $2,846.28, a bond and interest account of $383.33 and a payroll account of $126.09, the moneys in these several funds having been set aside and earmarked for the purposes indicated.

The requirement for an affidavit of merits is in rule 56, Practice act 1912, now stated as Supreme Court rule 77 as follows:

"In actions on contract plaintiff may enter judgment unless the defendant or his agent or attorney shall, within ten days after personal service of complaint, file an affidavit of merits, stating that the affiant believes that the defendant has a just and legal defense to the action on the merits of the case; provided, a notice be endorsed on the complaint and on the copy served that if defendant intends to make a defense he must file an affidavit of merits within ten days of such service and an answer within twenty days therefrom; and that in default thereof judgment will be entered against him. Lawful service upon a corporation shall be deemed personal service for the purpose of this rule."

Plaintiff's attorneys assumed that the filed paper, in that the jurat gave no recital of official position, was not an affidavit within the meaning of the rule and, without moving for a judicial ruling thereon, proceeded at once on the course outlined above.

It is established by our decisions that, unless there be a particular statutory direction to the contrary, an affidavit that is in writing and duly sworn to by the affiant before an authorized officer is ordinarily competent as an affidavit even though it does not carry a descriptive reference to the officer's official position. In *Whitehead* v. *Hamilton Rubber Co.,* 53 *N. J. Eq.* 454, Vice-Chancellor Bird considered, in construing the statute relating to oaths or affidavits taken out of the state (formerly *Rev. p.* 740, § 5; 3 *Comp. Stat., p.* 3774, *plac.* 34, § 5; now *R. S.* 41:2-17), that the absence of certification of official character of the officer was a defect; a defect which, however, was subject to correction by extraneous proof to supply the deficiency. But Mr. Justice Magie, writing the opinion on the appeal *sub nom. Magowan* v. *Baird,* 53 *N. J. Eq.* 656, held that such an omission did not constitute a defect under the statute, that the statute did not make the recital of official character in the jurat or certificate essential to the validity of the affidavit and that an affidavit affixed to a chattel mortgage was within the meaning of the Chattel Mortgage act notwithstanding the title of the officer—who did with authority administer the affidavit—was not affixed to his signature. In *Townsley* v. *State,* 12 *N. J. Mis. R.* 747, the

opinion of the Supreme Court quoted with approval from *Hitsman and Burkit* ads. *Garrard*, 16 *N. J. L.* 124 (Hornblower, C. J.), as follows:

"An affidavit, is an oath in writing; generally speaking, it is an oath in writing, sworn before some person who hath authority to administer such oath. 1 *Jac. Law Dic. tit.* '*Affidavit*,' 60; 3 *Blk. Com.* 304. It is not necessary to constitute it *an affidavit*, that it should be signed by the party. He must *make it*, that is he must swear to it, and it must be in writing. In other words, it must be his oath in writing— and to entitle it to be read in court, the fact that it was sworn to by the party, whose oath it purports to be, must be certified by the officer before whom it was taken: *Which certificate is commonly called, the jurat, and must be signed by such officer. This certificate, however, is no part of the affidavit. It is only the prima facie, and competent evidence, that it is the affidavit of the person by whom it purports to have been made.* An affidavit need not be signed by the party making it, unless the statute, as is frequently the case, directs it to be so signed, or unless the case comes within some rule of court requiring such signature \* \* \*."

These determinations lead me to conclude that the paper filed with the clerk and purporting to be an affidavit of merits was in fact such and that the judgment which was entered as on a default in the filing thereof was improvidently entered and should be set aside and for nothing holden. This of itself would result in the quashing of the levy; but in addition I believe that a judgment against a board of education has much the standing of a judgment against a municipality and that upon the doctrine and reasoning of the cases headed by *Lyon* v. *City of Elizabeth*, 43 *N. J. L.* 158, the funds of the board set aside for the purposes above stated would not have been subject to levy under plaintiff's judgment even if the judgment had been properly entered.

The judgment, the execution and the levy will all be set aside, with costs against plaintiff-respondent.