STATE of Maine

v.

**Kenneth A. CADIGAN, Peter Comas, Rasa Lind Garcia, Michael Arthur Krasnow, Lawrence P. Rieger, Christine Staubauch.**

Supreme Judicial Court of Maine.

Jan. 29, 1969.

Albert E. Guy, Asst. County Atty., Portland, for the State.

Louis Bernstein, and William W. Willard, Portland, for Cadigan and Garcia.

Jacob Agger, and Joseph Brennan, Portland, for Comas.

John W. Philbrick, Portland, for Krasnow.

Frederick A. Johnson, Portland, for Rieger.

Udell Bramson, Portland, for Staubauch.

Before WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

DUFRESNE, Justice.

This case is before us on report under Rule 37A(b) of the Maine Rules of Criminal Procedure for Law Court determination of the propriety of an interlocutory order or ruling in the Superior Court denying in part defendants' motion to suppress evidence alleged to have been obtained by virtue of an unlawful search and seizure. Rule 41(e), M.R.Cr.P.

Defendants contended before the Justice below and advanced the same contentions before us that the reference search and seizure was in violation of their respective rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Article I, Section 5 of the Constitution of Maine, and more specifically (1) that the warrant, application and affidavit supporting the same were insufficient on their face; (2) that the property seized was not described in the warrant; (3) that there was no probable cause for believing the existence of the grounds upon which the warrant was issued; (4) that the warrant was illegally and unreasonably executed; and (5) that the property was illegally seized without a warrant.

Our consideration of the first stated point of error in the ruling below will suffice to dispose of the case as we agree that the search warrant was insufficient in law and rule that the search thereunder amounted to a warrantless unreasonable search in violation of defendants' constitutional rights.

We must however dispose of the State's threshold argument, sustained in the Court below, that the defendants have no legal standing to raise the constitutional issue respecting the search. The State concedes that the defendant Rieger who admittedly occupied the residence at the time of its search had legal status to question the validity of the search and of the resultant seizure. But in the absence of any stipulation or testimonial evidence to the effect that the other defendants were guests in the home of the defendant Rieger, whose premises were being searched and in whose home all the defendants were arrested when the search turned up a quantity of marijuana, pills and capsules (barbiturates and amphetamines), the presiding Justice

ruled that they were not persons aggrieved by the unlawful search and thus had no standing to question its validity.

 True, one must have standing to invoke the Fourth Amendment proscription against unreasonable searches and seizures. In Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the United States Supreme Court has identified certain classes of persons eligible to claim aggrievement from a constitutionally unlawful invasion of privacy. They must be either (1) persons against whom the search was directed, (2) persons legitimately on the premises searched against whom the fruits of the search are intended to be used, or (3) persons charged with illegal possession of the property seized and sought to be suppressed.

 That the Justice below refused to draw from the stipulated facts the natural inference that the other defendants were in defendant Rieger's apartment under his express or at least implied invitation or as mere licensees seems to us a strained construction of the stipulation. In the light of the sole legitimate conclusion to be reached from the factual posture of the case, the defendants would have standing as persons legitimately on the searched premises against whom the fruits of the search are proposed to be used. But notwithstanding their status on the Rieger premises, the defendants are charged with the crime of unlawful possession of the seized narcotic drugs. As such, they have standing to question the legality of the search.

 Jones has set up standing requirements in two alternative ways one of which is, "when * * * possession of the seized evidence is itself an essential element of the offense with which the defendant is charged, the Government is precluded from denying that the defendant has the requisite possessory interest to challenge the admission of the evidence." Simmons v. United States, 1968, 390 U.S. 377, 390, 88 S.Ct. 967, 974, 19 L.Ed.2d 1247. Thus, standing no more depends solely on the legitimacy of the existing interest of the person claiming Fourth Amendment protection in the premises searched, even to the extent of mere legitimate presence, but may rest completely upon that person's connection with the seized property, especially where the seized property is contraband, the mere possession or ownership of which is the crime charged against the person seeking its suppression. The rationale underlying the new look given to the legal concept of standing by Jones is that the accused may enjoy the free exercise of Fourth Amendment privileges in testing the validity of the search without at the same time surrendering any other constitutional right. He may press for suppression without assuming the risk that his assertion of possession or ownership of the contraband property to establish standing be used against him to prove guilt in violation of the Fifth Amendment's Self-Incrimination Clause. Simmons v. United States, supra.

 The authorities have construed Jones to the effect that the very nature of prosecutions for illicit possession of property, by that very fact, accords the accused the standing to invoke Rule 41(e) [motion to suppress] as a person aggrieved and legally empowered to raise the constitutional question respecting the alleged unlawful search and seizure. Contreras v. United States, 1961, U.S.C.A., 9th Cir., 291 F.2d 63; Monnette v. United States, 1962, U.S.C.A., 5th Cir., 299 F.2d 847; United States v. Holt, 1962, U.S.C.A., 6th Cir., 306 F.2d 198; Niro v. United States, 1968, U.S.C.A., 1st Cir., 388 F.2d 535. We rule that all the defendants have standing to question the validity of the search and seizure through their motion to suppress, and therefore we now pass to a consideration of the merits of their claim that the search and seizure in the instant case was

unreasonable and an invasion of their constitutional rights.

One of the main thrusts of the defendants' contentions is that the warrant, application and affidavit justifying the search and seizure are insufficient in law on their face and that the police invasion of the Rieger home was tantamount to a search without warrant and the ensuing seizure of the illicit goods illegal and suppressible. These reference documents read as follows:

" STATE OF MAINE

CUMBERLAND , ss. DISTRICT COURT
 District Nine
 Division of Southern
 Cumberland

AFFIDAVIT AND REQUEST FOR

SEARCH WARRANT

To Bernard M. Devine, Judge, of the District Court to be holden at Portland in the County of Cumberland and State of Maine.

Albert E. Guy an Assistant County Attorney of Windham, in the County of Cumberland in said State of Maine, on oath complains that he has probable cause to believe and does believe that on the premises known as the residence of Lawrence P. Reiger located at 47 Bramhall Street, in the City of Portland County of Cumberland in said State, said premises being occupied by Lawrence P. Reiger.

There is now being concealed certain property, to wit; Marijuana, heroin, LSD, and various barbituates and amphetamines that said property (state reason for seizure) is contraband by virtue of the provisions of Title 22, sections 2361 through 2380 of the Maine Revised Statutes Annotated.

WHEREFORE, the said Albert E. Guy prays that a warrant may issue authorizing a search in the daytime of the above described premises, for said property; and that if said property, or any part of the same be there found, the said Lawrence P. Reiger, or the person having said property in his custody or possession may be arrested and held for examination as the law directs.

* The said Albert E. Guy on oath further states that he is positive that the property is in the place to be searched and it is necessary to prevent the removal of said property, that a warrant issue authorizing a search in the nighttime of the above described premises.

Dated at Portland, this seventh day of December 1967.

 Albert E. Guy

Subscribed and sworn to by the said Albert E. Guy this seventh day of December 1967, before me

 Bernard M. Devine
 District Judge"

" STATE OF MAINE
 (Seal)

CUMBERLAND , ss. DISTRICT COURT
 District of Nine
 Division of Southern
 Cumberland

 SEARCH WARRANT

To the Sheriff of Cumberland County, or any of his deputies or any other authorized officer:

Affidavit having been made before me by Albert E. Guy that he has reason to believe that on the premises known as the residence of Lawrence P. Reiger located at 47 Bramhall Street, in the City of Portland County of Cumberland and State of Maine, said premises being occupied by Lawrence P. Reiger there is now being concealed certain property, to wit; Marijuana, heroin, LSD, and various barbituates and amphetamines.

As I am satisfied that there is probable cause to believe that the property so described and used is being concealed on the premises above described, upon the following grounds:

Affidavit of Assistant County Attorney Albert E. Guy.

You are hereby commanded to search the place named for the property specified, serving this warrant and making the search in the daytime and if the property be found there to seize it, prepare a written inventory of the property seized, and bring the property and the person in whose possession or custody the same was found before a District Judge, to wit Honorable Bernard M. Devine of the Ninth District Court, Southern Division, at Portland.

* Being satisfied that the complainant is positive that the property is in the place to be searched and that it is necessary to prevent the removal of said property you are hereby authorized to search the place named in the nighttime.

DATED, this Seventh day of December 1967.

 Bernard M. Devine
 District Judge"

—————◆—————

It was further stipulated and agreed between all the defendants and the State that Judge Bernard M. Devine, if called as a witness, would testify as follows:

"I am a Judge of the District Court in Cumberland County and I issued the search warrant directed to the premises of Lawrence P. Reiger on December 7, 1967. I do not specifically recall the particular occasion that Albert E. Guy presented his affidavit and request for a search warrant in this matter. I do recall a case in which Mr. Guy came to me for a search warrant and alleged facts additional to those contained in the written affidavit. I recall that the reasons given by Mr. Guy for not including the additional facts in the written affidavit were that he was protecting an informant whose information had proven reliable in the past, and that he was protecting

against security leaks which might frustrate the purpose of the search. I do not recall any of the facts given to me orally, but I do recall that I felt the given facts were sufficient to sustain a finding of probable cause. These additional facts were not recorded or reduced to writing; they were sworn to, but I do not recall whether the oath was administered prior to or after the facts were given. Again, however, I am not sure whether or not the recollections I have related involve the case at bar.

My usual practice is that a person giving oral facts to substantiate the issuance of an order requiring an oath is sworn and usually is sworn by me after the recital of the facts has been made.

My personal definition of the word 'affidavit' is a 'sworn statement in writing'."

Both the Fourth Amendment to the Constitution of the United States and our own Section 5 of Article I of the Constitution of Maine provide that the people shall have the right to be secure in their persons, houses, papers, effects and possessions from all unreasonable searches and seizures and that no warrant to search or seize shall issue without probable cause, [but upon probable cause], supported by oath or affirmation. But affidavits couched in the language of the constitutional declaration such as that the affiant, as in the instant case, has probable cause to believe and does believe that certain contraband property is now being concealed on certain described premises without any statement of adequate supporting facts were ruled to be constitutionally deficient and search warrants issued thereunder were held to be constitutionally invalid as a violation of the Fourth Amendment direction that no search warrant shall issue but upon probable cause. Nathanson v. United States, 1933, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159. Similarly, conclusory affidavits merely alleging that the affiant has received reliable information from a credible person and does believe

that certain contraband is being kept at a specifically described place contrary to law, without informative recital of the underlying circumstances from which the informant concluded that the contraband was where he claimed it to be and some of the supportive facts from which the affiant concluded that the informant, whose identity need not be disclosed, was credible or his information reliable, were more recently condemned as in violation of the constitutional command in Aguilar v. State of Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723.

■■ Thus, it is essential that the magistrate to whom application is made for a search warrant be informed of some of the underlying circumstances from which the applicant (or the informer if the applicant's knowledge is from hearsay) concluded that the crime was being or had been committed and that the things to be searched for were and could be found in a designated place; and additionally, in the case of hearsay information, it is necessary that the officer-affiant state, for the enlightenment of the hearing magistrate, some of the underlying circumstances which enabled him to conclude that the informer was credible and his information reliable. The test is not merely whether probable cause existed for the issuance of the search warrant, but whether under all the factual circumstances disclosed to the magistrate they were sufficient for him to determine and make a finding of the existence of probable cause. Aguilar v. State of Texas, supra; Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; United States v. Lefkowitz, 1932, 52 S.Ct. 420, 285 U.S. 452, 76 L.Ed. 877.

■ Probable cause in the instant case could not be constitutionally determined by the Judge of the District Court who issued the search warrant on the Assistant County Attorney's purely conclusory affidavit, stating only that he had probable cause to believe and did believe that certain described contraband property was being concealed at

the Rieger residence without detailing any of the underlying circumstances upon which that belief was based. United States v. Ventresca, 1965, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. See also, Giordenello v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

The State contends however that proof of the existence of probable cause at the magisterial predetermination justifying the issuance of a search warrant as commanded by the Federal and State Constitutions respectively may be established not only by the factual information and necessary inferences flowing from the affidavit furnished in support of the application for the warrant, but may be supplemented by sworn oral testimony before the magistrate and that, if together they show probable cause, the search warrant is valid. To bring such contention into proper orbit for desired judicial exploration, the parties have by stipulation agreed upon the scope of the magistrate's testimony as hereinbefore recited relating to the additional factual background upon which his judicial action in issuing the search warrant was allegedly taken.

To be sure, neither the Federal nor State Constitutions require that the facts establishing probable cause before the magistrate be reduced to writing or affidavit form as a necessary prerequisite for the valid issuance of a search warrant. The stated procedural standard for obtaining a search warrant under the Fourth Amendment via the Fourteenth as it applies to the States is the same as under our own Constitution of the State of Maine and merely compels the evidentiary grounds for the issuance of the warrant to be "supported by oath or affirmation." Such general phraseology standing alone would include sworn oral, as well as written, testimony. Sparks v. United States, 1937, U.S.C.A., 6th Cir., 90 F.2d 61, 64.

Some State jurisdictions have so construed the requirements of the Fourth Amendment and have ruled that all the facts establishing probable cause need not be reduced to writing, but that oral sworn statements may be considered by the magistrate in determining the sufficiency of the facts before him to justify his finding of probable cause. State v. Oliveri, 1968, Iowa, 156 N.W.2d 688; State v. Van Meter, 1968, 7 Ariz.App. 422, 440 P.2d. 58; State v. Titus, 1966, 107 N.H. 215, 220 A.2d 154; Commonwealth v. Crawley, 1966, 209 Pa. Super. 70, 223 A.2d 885.

Federal courts in habeas corpus proceedings questioning the validity of search warrants issued under state procedure have similarly approved warrants the sufficiency of which could be shown by supplemental oral testimony permissible under state law, and thus have endorsed the conclusion that the Fourth Amendment as such does not proscribe proof of the existence of probable cause by other than written sworn testimony. Miller v. Sigler, 1965, U.S.C.A., 8th Cir., 353 F.2d 424; Sherrick v. Eyman, 1968, U.S.C.A., 9th Cir., 389 F.2d 648.

In Sherrick v. Eyman, the Court said:

The Supreme Court of Arizona held that the fact, as testified to by both the policeman and the magistrate, that the magistrate examined the policeman under oath "to determine if there's probable cause for the warrant to issue, and then issued the warrant, satisfied the requirement of the Fourth Amendment that '* * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation * * *.'"

* * * * * *

"The testimony of the police officers and the magistrates indicates that information was given to the magistrate under oath in addition to the affidavit. This procedure differs from that under Rule 41(c), Federal Rules of Criminal Procedure where the affidavit is the sole basis upon which the determination of probable cause is made. If we had before us only the affidavit we would undoubtedly be bound to conclude under the case of Aguilar v. State of Texas, supra, that

it was insufficient. It would have been advisable for the magistrate to have a transcript made of the officer's testimony, which he gave in addition to the affidavit, and he should have recited on the record what facts presented to him constituted "probable cause." This deficiency we do not deem fatal under the circumstances herein as there is evidence in the record showing what was presented to the magistrate prior to the warrant in question being issued."

Before the adoption of our Rules of Criminal Procedure which became effective on December 1, 1965 the constitutional mandate of the Fourth Amendment and of our own State of Maine counterpart constitutional provision, Article I, section 5, received implementation in 15 M.R.S.A. §§ 51–55. The procedural requirements thereunder were that the search warrant would issue upon verified written complaint specially designating the place to be searched, the owner or occupant thereof, if known, the person or thing to be searched for, the substance of the offense in relation to which it was sought. The complaint had to allege the conclusory statement that "the complaint has probable cause to believe and does believe that the same [person or thing to be searched for] is there [in the place specially designated] concealed." Section 52. The search warrant under section 53 had to recite "by reference to the complaint annexed or otherwise, all the essential facts alleged in the complaint * * *." The legislative direction nowhere required that the grounds of probable cause for the issuance of the warrant be stated in the verified complaint or in affidavit form in support thereof, nor in the search warrant itself.

The statutory provisions were repealed by Public Laws, 1965, c. 356, §§ 17, 18, effective on December 1, 1965, when Rule 41 of the Maine Rules of Criminal Procedure substituted for them. The pertinent portion of the rule with which we are presently concerned reads as follows:

"Rule 41. Search and Seizure

(c) Issuance and Contents. *A warrant shall issue only on an affidavit sworn to* before a person authorized by this rule to issue warrants specially designating the place to be searched, the owner or occupant thereof, if known to the affiant, and the person or thing to be searched for, and *establishing the grounds for issuing the warrant. If the judge or complaint justice is satisfied that grounds for the application exist or that there is probable cause to believe that they exist,* he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The warrant shall be directed to any officer authorized to enforce or assist in enforcing any law of the State of Maine. *It shall state the grounds of probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof. * * *"* [Emphasis supplied]

Our Rule 41(c) is an exact duplicate, mutatis mutandis, of the federal rule. When it requires that the sworn affidavit establish the grounds for the issuance of the warrant, it uses such language to cover its broadest scope, meaning not only that the nature of the property to be searched for and seized as enumerated under 41(b) must be stated, but also that the grounds of probable cause which must necessarily exist and be disclosed to the magistrate before a warrant can issue be asserted.

The rule must be construed as a whole so as best to discover the intention of the rule makers, and all its parts must be read together to ascertain the true sense of any one part in order to effectuate an harmonious result. The rule says that if the magistrate is satisfied that grounds for the application for the search warrant exist or that there is probable cause to believe that they exist, the warrant is to issue, but then the rule further provides that the warrant cannot issue but upon affidavit; therefore, it necessarily follows that the grounds of

probable cause required by the constitutional provisions as a necessary prerequisite of the valid issuance of any search warrant must be contained in the affidavit. This is consistent with the further requirement that the search warrant itself state the grounds of probable cause for its issuance and the names of the persons *whose affidavits have been taken in support thereof.* The central theme of that sentence of the rule is the statement of the grounds of probable cause and it permeates the whole clause so that when reference is made to the names of the persons whose affidavits have been taken in support thereof, the only logical reference must be to those affidavits taken in support of the asserted grounds of probable cause.

██ Thus, criminal rule 41, promulgated in substitution of the repealed legislation, 15 M.R.S.A. §§ 51–55, for the identical purpose of implementing procedurally the constitutional requirements of the Fourth Amendment, nevertheless circumscribed the exercise thereof within greater strictures by compelling the execution of affidavits respecting probable cause as a necessary prerequisite to the issuance of search warrants.

Similar evidentiary limitations were made mandatory in Massachusetts by legislative enactment. As Chief Justice Wilkins said in Commonwealth v. Monosson, 1966, 351 Mass. 327, 221 N.E.2d 220: "The legislative purpose was to make sure that the Commonwealth could demonstrate by a writing that any given search and seizure was reasonable and based upon probable cause. The surest way to achieve this purpose is the preservation in the affidavit presented to the magistrate of a statement of the grounds relied upon for issuing the warrant. * * * By this method nothing is left to the uncertainty of oral testimony as to what was otherwise stated to the magistrate, and the defendant is given a full opportunity to challenge the legality of the search."

Federal courts have indicated that such is the interpretation to be given to their Rule 41(c). United States v. Whitlow, 1964, U.S.C.A., 7th Cir., 339 F.2d 975; Rosencranz v. United States, 1966, U.S.C.A., 1st Cir., 356 F.2d 310; Sherrick v. Eyman, 1968, U.S.C.A., 9th Cir., 389 F.2d 648, at page 652; United States v. Birrell, 1965, U.S.D. C., S.D. New York, 242 F.Supp. 191.

██ Since the rule dictates that a warrant shall issue only on an affidavit sworn to before the magistrate establishing the grounds for its issuance and that the warrant itself shall state the grounds of probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof, all search warrants must be tested for legal vitality solely from the affidavits themselves or the sworn testimony reduced to writing. An affidavit by definition refers to "a sworn statement in writing made esp. under oath * * *" Webster's Third New International Dictionary. Courts generally so understand the term. In re Hoyt's Estate, 246 Iowa 292, 67 N.W.2d 528, 532; Fitzsimmons v. Board of Education, 125 N.J.L. 15, 13 A.2d 305, 306; In re Murphy, 321 Mass. 206, 72 N.E.2d 413, 417; Dawson v. Beasley, 242 Ind. 536, 180 N.E.2d 367, 370. The rule assures certainty of compliance with constitutional requirements of probable cause, establishes upon the record the facts upon which the magistrate made his determination without subjecting him to the inconvenience of being called to account as a witness, and permits orderly review of the magisterial action.

██ In the instant case, the affidavit was fatally deficient as being a mere conclusory statement of the existence of probable cause to believe that contraband property was being concealed in the Rieger apartment. Even if the testimony of the magistrate were admissible for consideration in reviewing the magistrate's finding of probable cause, it would itself be insufficient to buttress the affidavit since the magistrate admitted uncertainty in his own mind as to whether his recollections related to the instant case and confessed that he

did not recall any of the facts which he felt were sufficient to sustain a finding of probable cause. The magistrate's testimony would have disclosed none of the necessary underlying facts and circumstances upon which the suspicion and belief that a crime was being committed were grounded, nor did it reveal any reason for considering the unnamed informant reliable as a source of accurate information. Furthermore, the search warrant itself failed to state the grounds of probable cause as demanded by the rule. The search warrant was null and void and the seizures made in the course of the search were also unreasonable and unlawful. The arrests made as a consequence of the illegal seizures were also unlawful and all further searches and seizures such as in automobiles of the defendants on the premises or in the street adjacent thereto as incidents of the arrests were also unlawful.

Although the defendants were aggrieved by the unlawful searches and seizures, and are entitled to the grant of their motion to suppress the seized property from its being used as evidence against them, nevertheless they are not entitled to an order for its return to them as the property is contraband and its possession is unlawful and criminal. Trupiano v. United States, 1948, 334 U.S. 699, 68 S.Ct. 1229, 1235, 92 L.Ed. 1663.

The report has framed the following issues for decision by this Court:

1. Was the property or any of it illegally seized without a warrant? We answer yes.

2. Is the warrant sufficient upon its face? We answer no.

8. Did the Court err in its order or ruling dated March 1, 1968 denying in part Defendants' motions to suppress? We answer yes.

Since our decision in the particulars made disposes of the cases below, we discharge the report as to all other issues framed therein.

So ordered.

Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

WILLIAMSON, C. J., (did not sit).