525 P.2d 363

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Buddy Charles BADGER and Donald Jenkins, Defendants-Appellants.**

**No. 11227.**

Supreme Court of Idaho.

Aug. 8, 1974.

John R. Sellman, Mountain Home, for defendant-appellant.

W. Anthony Park, Atty. Gen., James P. Kaufman, Asst. Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Chief Justice.

This is an appeal from a conviction of a felony, possession of a controlled substance with intent to deliver, in which the principal contentions of the appellant are:

1. That a motion to suppress evidence should have been granted because the search warrant was obtained on the basis of sworn testimony recorded electronically rather than by means of a written affidavit, and

2. That the evidence is not sufficient to sustain a conviction.

On February 25, 1972 in Elmore County an informant appeared before a magistrate and testified that certain controlled substances were located in a certain house trailer occupied by the appellant-defendant, Lee Charles Badger, and his roommate. The informant's testimony was given under oath and was recorded electronically. No written affidavit was obtained from the informant or any other witness. The magistrate issued a search warrant and pursuant thereto officers searched the trailer and seized quantities of marijuana and hashish found therein. Badger and his roommate were charged with possession of a controlled substance with intent to deliver, a felony, in violation of I.C. § 37–2732(a) (1) (B). The defendants moved to suppress the items seized on the grounds, among others, that the search warrant was invalid because it was not supported by an affidavit. That motion was denied. Defendants were tried by a jury and Badger was convicted of the offense charged. His roommate was convicted of the lesser included offense of possession of a controlled substance. Only Badger has appealed.

Appellant first argues that the trial court erred in denying his motion to suppress evidence since the search warrant

was issued on the basis of electronically recorded testimony rather than a written affidavit. There is no question but that Rules of Criminal Practice and Procedure 41(c) which was adopted to be effective January 1, 1972, was in effect at all times relevant to this case and govern its disposition. Said rule provides:

"Rule 41. Search and Seizure —

\* \* \* \* \* \*

"(c) Issuance And Content. A warrant shall issue only on an affidavit or affidavits sworn to before a district judge or magistrate or by testimony under oath and recorded and establishing the grounds for issuing a warrant . . ."

Badger argues that the rule contravenes article 1, section 17 of the Idaho Constitution and I.C. § 19–4403. Article 1, section 17 of the Constitution provides:

"Unreasonable searches and seizures prohibited.—The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized."

I.C. § 19–4403 provides:

"Affidavit of probable cause.—A search warrant can not be issued but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

■ This Court has the inherent power to formulate rules of practice and procedure in the courts of Idaho. R.E.W. Construction Co. v. District Court of Third Judicial Dist., 88 Idaho 426, 400 P.2d 390 (1965). It is also clear than any such rules adopted by this Court cannot properly contradict constitutional provisions but we find no such contradiction in the subject portion of the rule under consideration herein. We hold that the word "affidavit" is broad enough to include the recording of sworn testimony. We find no express requirement of a "written" affidavit and our holding does no violence to the purpose or spirit of our constitution but merely recognizes modern advances in technology. Electronic recording of sworn testimony is no less reliable and no more perishable than a sworn writing. The search warrant was properly issued by the magistrate and the trial court did not err in denying suppression of the evidence.

■ Appellant secondly contends that there was insufficient evidence upon which the jury could have found "intent to deliver" on the part of Badger. This court has stated its standard for review of questions involving the sufficiency of evidence in criminal cases:

"This jurisdiction has long followed the rule that a verdict of conviction will not be disturbed on appeal where there is substantial and competent evidence to support that verdict." State v. Shannon, 95 Idaho 299, 507 P.2d 808 (1973).

■ Appellant asserts that there is no substantial or competent evidence on which the jury could have concluded that Badger had the "intent to deliver" and that such conclusion is necessary to support the judgment of conviction and the verdict of the jury. We disagree. The record discloses that the quantity of contraband seized herein consisted of 394.4 grams of marijuana plant material and 3.828 grams of hashish. The material was contained in numbers of plastic baggies or foil packets. The evidence revealed that the hashish was the equivalent of 57 marijuana cigarettes and that 1,180 cigarettes could have been made from the marijuana.

The record reveals that an experienced narcotic agent for the Idaho Bureau of Drug Enforcement testified that based on his experience in the narcotic field and from the quantity of the materials and the method of their packaging that he concluded the contraband was being held for sale. The defendant himself took the stand in his own behalf and testified that while he was not a heavy user he smoked two or

three cigarettes a day and perhaps more on week-ends.

█ It is our opinion that the evidence contained in the record herein is sufficient to distinguish this case from State v. O'Mealey, 95 Idaho 202, 506 P.2d 99 (1973).

In *O'Mealey* a district court had held that a defendant was unlawfully held to answer "since no evidence was presented upon which the magistrate could have found probable cause * * *" We said in *O'Mealey* "The sole issue for determination herein is whether the intent to deliver a controlled substance can be inferred or presumed *solely from the quantity and variety of substances found upon the defendant's person.*" * * * "Hence, it is crucial in a matter of this type that the State in its evidence furnish the lower court and this court with some purported evidence sufficient to reach a conclusion as to what amount of drugs may create a presumption of intent to deliver."

In the case at bar the testimony outlined herein satisfies the admonition to law enforcement and prosecuting attorneys which this Court set forth in *O'Mealey*. The testimony outlined above concerning the quantity of the controlled substances, the defendant's own stated personal habits of marijuana use, the defendant's own testimony to the effect that he might give portions of the material to his roommate, the method of packaging of the material and the opinion of the law enforcement officer taken in total constituted sufficient and competent evidence, albeit circumstantial, from which the jury may have found an "intent to deliver." We note also that only the appellant Badger was found guilty of "intent to deliver." Badger's roommate was convicted only of the lesser included offense of "possession."

Judgment of the trial court is affirmed.

DONALDSON, J., concurs.

BAKES, Justice (concurring specially):

There is sufficient albeit marginal evidence in the record to distinguish this case from State v. O'Mealey, 95 Idaho 202, 506 P.2d 99 (1973). However, most of it was elicited by the defendant's counsel in cross-examination of state witnesses and in direct examination of the defendant himself. But for that, there would have been insufficient evidence to establish an intent to deliver and this case would have been controlled by our decision in State v. O'Mealey, *supra*. On appeal, the issue of adequacy of representation at trial has not been raised by the defendant and therefore that issue will be deferred until subsequent proceedings, if they come.

McQUADE, Justice (dissenting).

I am unable to concur in the majority's conclusion that sufficient evidence was presented during the trial for the jury to find that the appellant intended to deliver the marijuana found in his possession.

The appellant's counsel at trial (not counsel on this appeal) is now the prosecuting attorney for Elmore County, and his questions during the trial elicited more incriminating statements than the prosecutor's questions. Although some of the incriminating answers by police officers were not responsive to the questions asked, there was no objection or motion for a mistrial.

The only evidence concerning the appellant's intent to deliver the marijuana was a police officer's testimony concerning the quantity and packaging, and the amount of marijuana.

The police officer testified as follows:

"Q Officer Kelley, when you were looking at this material on the bed, did you try to come to any conclusion what these individuals were doing with the marijuana and the plant material?

A Yes, sir, I probably did.

Q And what was your opinion?

A Through experience, when you have a large quantity, when it's packaged like this, *I think you would draw* a conclusion, its *probably* held for

sale, when they are packaged like this." (Emphasis added)

The officer's testimony was not offered in the form of an expert's opinion but was only his personal opinion as to the appellant's intended use of the marijuana. Furthermore, no attempt was made to qualify the officer as an expert in marijuana cases.

At the time of the appellant's arrest 394.4 grams of marijuana and 3.828 grams of hashish were seized. The contraband was found in a house trailer occupied by the appellant and his room mate who was convicted of possession of a controlled substance. There was no admissible evidence concerning any transfer of the controlled substances by the appellant. It was stipulated by the defense during the trial that the quantity of marijuana amounted to 1180 cigarettes. The appellant testified that he smoked two or three cigarettes a day and more on the weekends, but the fact that he could not consume the entire amount in any set period of time does not necessarily lead to the conclusion that he would deliver the substance to other persons.

The stipulation that the 394.4 grams of marijuana amounted to 1180 cigarettes raises many questions. The size of a cigarette depends on the person rolling it. In the case of State v. O'Mealey this court noted:

"Marihuana, A Signal of Misunderstanding; First Report of the National Commission on Marihuana and Drug Abuse (1972), Appendix I, pp. 28–30, appears to indicate that the amount found in defendant's possession in this case could be reasonably expected to furnish approximately 126, 0.5 gram marijuana cigarettes." [1]

Under that standard of .5 grams per cigarette, the appellant was in possession of 789 cigarettes. The difference demonstrates that what may be a large supply of marijuana to one person may be a moderate or small supply to another. Clearly quantity alone is not sufficient to show intent to deliver.

The appellant's conviction should be reversed.

McFADDEN, Justice (dissenting).

The majority opinion first recognizes that rules of criminal procedure adopted by this court cannot properly contradict constitutional provisions, and then holds in effect that the constitutional provision, Art. 1, § 17,[1] which requires

"* * * and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized"

should be construed to mean that an electronic recording of sworn testimony fulfills this requirement. In the majority opinion it is stated, "We hold that the word 'affidavit' is broad enough to include the recording of sworn testimony. We find no express requirement of a 'written' affidavit and our holding does no violence to the purpose or spirit of our constitution but merely recognizes modern advances in technology." It is with this conclusion that I disagree.

The word "affidavit" is defined by Webster's Third International Dictionary (1967) as follows: "a sworn statement in writing made esp. under oath or on affirmation before an authorized magistrate or officer." Black's Law Dictionary, Revised

I. 95 Idaho 202, 506 P.2d 99, 102 (1973).

I. It is of interest to note that as originally enacted by the Constitutional Convention, Art. 1, § 17, was punctuated somewhat at variance with what now appears in 1 Idaho Code, p. 69. Section 17, as quoted by the majority opinion, reads as is published in the Idaho Code. As originally enacted the last portion of that section was punctuated as set out in this opinion. See II Idaho Const. Conv. Proceedings and Debates, p. 2051 (1889).

Fourth Edition (1968), defines the term as follows:

"A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. Cox v. Stern, 170 Ill. 442, 48 N.E. 906, 62 Am. St. Rep. 385; Hays v. Loomis, 84 Ill. 18. A statement or declaration reduced to writing, and sworn to or affirmed before some officer who has authority to administer an oath or affirmation. Shelton v. Berry, 19 Tex. 154, 70 Am.Dec. 326, and in re Breidt, 84 N. J.Eq. 222, 94 A. 214, 216."

There are a wealth of other cases to the same effect which hold that the term "affidavit" has reference to a *written* statement under oath, a few of which are In re Hoyt's Estate, 246 Iowa 292, 67 N.W.2d 528, 532 (1954); Fitzsimmons v. Board of Education of Borough of Carteret, 125 N. J.L. 15, 13 A.2d 305, 306 (1940); City Comm'n of . City of Gallipolis v. State, 36 Ohio App. 258, 173 N.E. 36, 38 (1930); and Torkelson v. Byrne, 68 N.D. 13, 276 N.W. 134, 137 (1937). See also, 2A Words and Phrases, Affidavit Perm. Ed., p. 326.

The Constitutional provision involved in this case is clear and explicit and requires no "construction." When it says that "no warrant shall issue without probable cause shown, by affidavit," it means simply that. The word, affidavit, means a written statement of facts voluntarily made and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. The constitutional provision does not leave in doubt any other meaning. See, Powelson v. Superior Court, 9 Cal.App. 3d 357, 88 Cal.Rptr. 8 (1970).

In my opinion I.C.R. 41(c) insofar as it authorizes issuance of a search warrant on testimony under oath and recorded electronically is in violation of the constitutional provision discussed, and that the trial court erred in not granting the appellant's motion to quash. The judgment of conviction should be reversed.