17 P.3d 230

Zane Jack FIELDS, Petitioner–Appellant,

v.

STATE of Idaho, Respondent,

No. 24119.

Supreme Court of Idaho,
Boise, December 1999 Term.

Sept. 7, 2000.

Rehearing Denied Jan. 25, 2001.

Wiebe & Fouser, Caldwell, and Michael J. Wood, Twin Falls, for appellant. Michael J. Wood argued.

Hon. Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent. L. LaMont Anderson argued.

WALTERS, Justice.

This is a death penalty case in which the Court is asked to review the district court's dismissal of Zane Jack Fields' second application for post-conviction relief. For the reasons stated below, we affirm.[1]

## FACTS AND PROCEDURAL BACKGROUND

Zane Jack Fields was found guilty of the first degree murder of Katherine Marie Vanderford and was sentenced to death. One month after entry of the judgment on March 7, 1991, Fields filed an application for post-conviction relief with the assistance of his trial counsel. The post-conviction application for relief was amended on December 31, 1991, by newly appointed counsel. The district court, following an evidentiary hearing, denied relief on all of the claims in Fields' application.

On July 13, 1992, Fields filed a second amended application for post-conviction relief and motion for new trial in the post-conviction proceedings. Fields claimed therein that perjured testimony had contributed to his conviction, in violation of his federal and state constitutional rights. The district court held a hearing and on May 14, 1993, issued a memorandum opinion concluding that the witness had not perjured himself, but he had recanted statements made to other inmates and to counsel representing Fields that he had lied at Fields' trial. The district court held that there was no basis to order a new trial and denied Fields' request for relief on the basis of this newly discovered evidence.

Fields filed a unified appeal from the judgment of conviction and from the post-conviction orders. The Idaho Supreme Court affirmed the district court's judgment of conviction for first-degree murder, the imposition of the death sentence, and the denial of Fields' initial application for post-conviction relief. *State v. Fields*, 127 Idaho 904, 908 P.2d 1211 (1995).

Fields filed a second application for post-conviction relief on October 11, 1996, with the

---

1. The State filed a motion to dismiss Fields' appeal from the summary dismissal of his second application for post-conviction relief. The Court denied the motion by order dated August 27, 1999.

help of counsel who was representing him in a *habeas corpus* proceeding in the federal district court, which was stayed pending completion of the state post-conviction action. The State filed a motion to dismiss the second application for post-conviction relief on October 16, 1996, on the basis that a successive post-conviction application in a capital case is barred by I.C. § 19–2719 unless the issues alleged in it are "not known or could not reasonably have been known" within the time limits set out in the statute. The State's motion asserted that dismissal was proper in that the allegations in the successive application were identical to those in the earlier applications and did not fall within the exceptions outlined in the statute.

On April 28, 1997, the district court issued a memorandum decision and notice of intent to dismiss Fields' second application for post-conviction relief. The district court concluded that Fields was not entitled to relief on the claims raised in his successive application including, but not limited to: ineffective assistance of trial counsel; deprivation of petitioner's right to have counsel of his choice; admission of prior bad acts by the trial court; admission of irrelevant, inadmissible and highly prejudicial material by the trial court; invalid jury instructions; admission of highly prejudicial photos; and unconstitutional death penalty procedures and findings. The district court found that all of these claims were either raised or could have been raised in the initial post-conviction application and, further, that Fields had offered no explanation for his failure to assert these claims in his original application.

As to the ineffective assistance of counsel claim regarding the state post-conviction proceeding, the district court determined that Fields had a statutory right to counsel during his initial post-conviction application under I.C. § 19–4904. However, the district court found that the issues asserted were not supported by material facts stated under oath or affirmation by credible persons with first-hand knowledge. Having found that the application failed to meet the requirements of I.C. § 19–2719(5), the district court held that the application should be summarily dismissed. The district court gave notice of its intent to dismiss and provided Fields with twenty days to respond.

The district court considered the arguments presented by Fields in his response to the notice of intent to dismiss. The district court found that Fields had failed to meet his burden, set forth in I.C. § 19–2719, to show the existence of such claims by a precise statement of the issue or issues asserted together with material facts stated under oath or affirmation by credible persons with first-hand knowledge that would support the issue or issues asserted. With respect to Fields' claim of ineffective assistance of appellate counsel, the district court found that the issues raised or not raised by appellate counsel were known at the time of the filing of the appellate brief and that a lapse of two and one-half years to assert these claims was unreasonable, effecting a waiver of these claims. By order dated July 23, 1997, the district court dismissed Fields' successive application for post-conviction relief.

## ISSUES ON APPEAL

1. Did the district court err in summarily dismissing Fields' second application for post-conviction relief filed October 11, 1996?

2. Did the district court err in not appointing counsel to represent Fields on the second post-conviction application?

3. Did the district court err in denying Fields' motion for discovery filed in connection with the second post-conviction application?

## STANDARD OF REVIEW

■ The expedited procedure for post-conviction review in capital cases is contained in I.C. § 19–2719. The statute provides a defendant with one opportunity to raise all challenges to the conviction and sentence in a petition for post-conviction relief, except in those unusual cases where it can be demonstrated that the issues were not known and reasonably could not have been known within the time frame allowed by the statute. I.C. § 19–2719(5); *State v. Rhoades*, 120 Idaho 795, 820 P.2d 665 (1991). A claim that should be reasonably known immediately upon the completion of the trial and can be raised in a

post-conviction petition but is not raised in the first post-conviction petition is deemed waived. *Id.* at 807, 820 P.2d at 677. Any successive petition for post-conviction relief not within the exception of subsection (5) of the statute shall be dismissed summarily. I.C. § 19–2719(11).

## ANALYSIS

### I.

■ An applicant filing a successive application for post-conviction relief has the heightened burden of making a *prima facie* showing that the issues raised were not known and could not reasonably have been known within forty-two days of judgment. *Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993). With this standard in mind, we review the claims asserted in Fields' second application for post-conviction relief and supporting documentation.

As the first issue raised in this second post-conviction application, Fields argued that the conflict of interest that caused new trial counsel to be appointed persisted when the public defender, Amil Myshin, was reappointed to represent Fields on the direct appeal and in the post-conviction proceedings. Fields argued that the conflict impaired Myshin's representation of Fields in the post-conviction proceedings, specifically precluding him from vigorously cross-examining Scott Bianchi, a former client and a key witness at Fields' trial, who later claimed to have lied under oath, then recanted those out-of-court statements admitting perjury.

In Fields' case, the forty-second day after the filing of the judgment imposing the punishment of death was April 18, 1991. The potential conflict issue did not arise until August 26, 1991, when the district court reappointed Amil Myshin to represent Fields on the appeal and in the post-conviction proceedings. Fields did not object to the reappointment of Myshin as his counsel, at which time the district court stated: "It may be that there is no conflict with the public defender at this point to represent Fields in appeal and post-conviction proceedings."

The district judge who considered Fields' second application for post-conviction relief held that the conflict issue was not one that was known or could reasonably have been known within the time limits prescribed in I.C. § 19–2719(3). The district court then held that Fields' claim that he had been denied the effective assistance of counsel because of a conflict of interest was not supported by facts asserted under oath by a witness with first-hand knowledge and did not meet the *Strickland*[2] test of proving counsel's deficient performance and prejudice.

Clearly, the issue raised by Fields fit within the narrow exception provided by I.C. § 19–2719(5). In addition to making this *prima facie* showing, however, Fields had the burden to show the existence of the conflict by (1) a precise statement of the issue or issues asserted together with (2) material facts stated under oath or affirmation by credible persons with first hand knowledge that would support the issue or issues presented. I.C. § 19–2719(5)(a).

■ Upon our review of the record, we conclude that Fields failed to show that Myshin's representation of Fields in the post-conviction and appellate proceedings was adversely affected by any conflict of interest. Fields in his application for post-conviction relief merely reiterated the relationship between Myshin and Bianchi, pointing out that Myshin did not withdraw as post-conviction counsel "despite the clear conflict of interest that previously required him to withdraw from [Fields'] case." Fields asserted as fact that the subject of the evidentiary hearing in the post-conviction proceeding was the admissibility of Bianchi's trial testimony and an allegation that Bianchi had recanted his trial testimony in the presence of Myshin after trial. Fields also asserted that Bianchi appeared and testified at the evidentiary hearing, at which time he denied the truth of the recantation. However, no information derived from the public defender's earlier representation of Bianchi was ever at issue in the post-conviction proceeding. Because these facts do not identify a conflict other

**2.** *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

than the one related to the trial, they also fail to support the claim of ineffectiveness of appellate/post-conviction counsel as a result of a conflict of interest.[3] Fields has not met the requirements of I.C. § 19–2917(5)(a). Accordingly, the district court properly dismissed the claim of ineffective assistance due to a conflict of interest.

Fields next alleged in his second application for post-conviction relief that he had received inadequate representation on appeal. Citing numerous trial counsel errors that were not raised as issues on appeal, Fields argued that his appellate counsel's ineffectiveness entitled him to post-conviction relief. As a basis to dismiss these claims of ineffectiveness, the district court determined that the alleged errors had been waived, pursuant to I.C. § 19–2719(5), as they were known or reasonably could have been known well before the filing date of Fields' second post-conviction application for relief.

■ Claims not raised by a capital case defendant within the forty-two day deadline of I.C. § 19–2719(4) are deemed waived if the post-conviction relief claims were known or reasonably should have been known. I.C. § 19–2719(5). Claims that were not known or could not have reasonably been known within forty-two days of judgment must be asserted within a reasonable time after they are known or reasonably could have been known. *Paz v. State,* 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993). In *Paz,* the Court held that issues raised or not raised by appellate counsel were known at the time of the filing of the appellate brief and that claims asserted four years thereafter were not filed within a reasonable time. *Id.*

■ Fields' brief on his unified appeal from the order denying post-conviction relief and the judgment of conviction was filed January 27, 1994. The successive application for post-conviction relief was not filed until September 11, 1996, or two months after

Fields' counsel in this appeal asserted he was first able to complete his extensive review of the record to identify claims of appellate ineffectiveness. We agree that *Paz* does not bar consideration of Fields' claims because his application was filed *less than* four years from the date of the initial brief on appeal. However, following the principle from *Paz* that the issues raised or not raised by appellate counsel were known at the time of the filing of the first appellate brief, we now hold that a two-and-one-half-year span from the date of the first appellate brief to the assertion of claims is an unreasonable length of time for the pursuit of post-conviction relief. Accordingly, we affirm the dismissal of the ineffectiveness claims on timeliness grounds.

■ The next set of claims raised by Fields in his second post-conviction application relate to evidence which Fields asserted was only discovered shortly before the filing of the application and thus could not reasonably have been known within the time limitations of I.C. § 19–2719. The new evidence took the form of an affidavit by an investigator, J.C. Bryant, disclosing the contents of his September 1996 interviews with inmate witnesses who had testified in Fields' trial but who were now recanting that testimony. Attached to the affidavit was a letter from Detective Dave Smith commending the inmates for their testimony in Fields' case. Fields argued that Smith's letter was the basis of a *Brady*[4] violation which, in addition to the newly discovered evidence, entitled him to post-conviction relief.

■ Upon close examination of the purported new evidence, we note first that Detective Smith's letter bears a May 30, 1990, date, which followed the completion of the trial in Fields' case. Because that information did not exist at the time of trial, it therefore could not have been subject to disclosure by the prosecution in advance of

---

**3.** Under *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), if a defendant has not made a timely objection to his counsel on the grounds of conflict of interest then he must demonstrate actual conflict and an adverse effect on the representation. Fields cannot prevail on his claim of ineffectiveness based on a conflict of interest where he was unable to satisfy both

elements of the two-pronged test. The district judge so held, although he analyzed Fields' claim by applying the more familiar ineffectiveness standard of *Strickland.*

**4.** *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

trial as required by *Brady.* Fields' claim in this regard is without merit. Second, the information contained in the J.C. Bryant affidavit was submitted in May of 1997, raising allegations that were not originally included in the application for post-conviction relief filed on September 11, 1996. Without an amendment to the application asserting such claims, evidence developed subsequent to the application cannot be relied upon to form a basis for granting post-conviction on Fields' original application. The district court correctly found that "a pleading that fails to make a showing of excepted issues supported by material facts, or which is not credible, must be summarily dismissed." I.C. § 19–2719(5)(a). We uphold the decision of the district court to dismiss the newly discovered evidence claims without an evidentiary hearing.

## II.

As his second issue on appeal, Fields asserts that the district court erred in denying his request for appointed counsel on his second application for post-conviction relief. The application was prepared by counsel who had been appointed by the federal court to represent Fields in his federal habeas proceedings. Counsel was seeking to be compensated for his services in state court on Fields' behalf and explained that the federal proceedings had been stayed until completion of the state post-conviction action. Along with the application, counsel filed a motion requesting that the district court in Ada County appoint him in the state post-conviction proceeding. The district court denied the request for appointment of counsel, which Fields asserts as error.

There is no Sixth Amendment right to appointed counsel in a collateral attack upon a conviction. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (applying the rule to capital cases); *Lee v. State,* 122 Idaho 196, 199, 832 P.2d 1131, 1134 (1992). In Idaho, although a statutory right to court-appointed counsel in post-conviction proceedings existed for those applicants unable to pay court costs and expenses of representation, the statute was amended in 1993 to give discretion to the district court to appoint counsel upon an applicant's request. I.C. § 19–4904. The statutory right to counsel to which Fields was entitled at the time of his initial application for post-conviction relief, however, in light of the amendment, does not extend to any successive petitions. We conclude that because Fields was not entitled to appointed counsel, the district court properly denied the motion.

## III.

The final issue raised by Fields concerns his request for additional discovery in connection with the second post-conviction application. Through additional discovery, Fields sought to develop the conflict of interest issue, as well as evidence in mitigation. He argues on appeal that his request was improperly denied by the district court.

Discovery during post-conviction relief proceedings is a matter put to the sound discretion of the district court. I.C.R. 57(b). The discovery provisions in the civil rules, which generally apply to proceedings on an application for post-conviction relief, are not applicable unless so ordered by the district court. *Griffith v. State,* 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). There is no requirement that the district court order discovery, unless discovery is necessary to protect an applicant's substantial rights. *Id.*

The information Fields sought was unlikely to be contained in the prosecutor's files. Furthermore, the potential evidence would be generated more probably through the continuing efforts of Fields and his representatives. The district court's denial of the discovery request does not prevent further investigation on Fields' behalf, and more importantly, does not deny Fields any substantial rights. The district court's decision not to grant additional discovery is hereby affirmed.

## CONCLUSION

We find no error in the district court's dismissal of Fields' claims alleging conflict of

interest, ineffective assistance of post-conviction and appellate counsel, and newly discovered evidence. We therefore affirm the order dismissing the second application for post-conviction relief. We also affirm the district court orders denying court-appointed counsel and further discovery on the second post-conviction application.

Chief Justice TROUT and Justices SILAK, KIDWELL and HIGER, pro tem concur.