IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 38571

ZANE JACK FIELDS,                    )
                                     )
    Petitioner-Appellant,        )        Boise,  February 2013 Term
                                     )
v.                                   )        2013 Opinion No. 34
                                     )
STATE OF IDAHO,                      )        Filed: March 26, 2013
                                     )
    Respondent.                  )        Stephen W. Kenyon, Clerk
                                     )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Thomas F. Neville, District Judge.

District court dismissal of successive petition for post-conviction relief, <u>affirmed.</u>

Federal Defender Services of Idaho, Boise, for appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.

---

BURDICK, Chief Justice

This case arises from an Ada County district court's dismissal of Zane Jack Fields's (Fields) petition for post-conviction relief filed on October 22, 2010.  The petition was the fifth successive petition for post-conviction relief filed by Fields and alleged that the act of destroying an orange camouflage coat is new evidence that establishes his innocence.  The State moved for dismissal on the grounds that the claim is barred by I.C. § 19-2719, the statute governing post-conviction procedure for capital cases.  The district court granted the State's motion to dismiss on the grounds that the newly discovered evidence claim is barred by I.C. § 19-2719(5)(b) and that there is no genuine issue of material fact on Fields's claims that the destruction of the coat was relevant at trial or that it proved his innocence.  We affirm the decision of the district court on the grounds that the petition was untimely filed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Zane Fields is currently incarcerated for the first degree murder of Mary Katherine Vanderford. *State v. Fields,* 127 Idaho 904, 908 P.2d 1211 (1995) ("Fields I").  On February 11, 1988, Fields stabbed 69–year–old Ms. Vanderford to death while stealing about $50 from the

1

Wishing Well Gift Shop, the store in which she was working. *Id*. at 907, 908 P.2d at 1214. Ms. Vanderford was alone in the store at the time, and there were no eye witnesses to the murder. She bled to death due to a stab wound in her neck. *Id*. At trial, Fields's orange camouflage coat was introduced into evidence as Defense Exhibit 22 and was used by eyewitnesses to identify Fields. A jury found Fields guilty of felony murder, and the trial court sentenced him to death. *Id*. at 908–09, 908 P.2d at 1215–16. After he was sentenced, Fields filed an application for post-conviction relief on April 18, 1991, which the district court denied following an evidentiary hearing. *Id*. at 909, 908 P.2d at 1216. Fields appealed to this Court, and we upheld the conviction, sentence, and denial of his application for post-conviction relief. *Id*. at 907, 918 P.2d at 1225.

Fields filed a second application for post-conviction relief on July 13, 1992. *Fields v. State,* 135 Idaho 286, 17 P.3d 230 (2000) ("Fields II"). After giving notice of the intent to do so, the district court summarily dismissed the application without an evidentiary hearing. *Id*. at 287, 17 P.3d at 231. Fields appealed, and this Court upheld the dismissal. *Id*. at 292, 17 P.3d at 236.

Fields filed a third application for post-conviction relief on June 27, 2002, under the amended Uniform Post-Conviction Procedure Act, I.C. §§ 19-4901 through 19-4911. *Fields v. State*, 151 Idaho 18, 20, 253 P.3d 692, 694 (2011) ("Fields IV"). Fields sought to have nineteen latent fingerprints from the murder scene compared with the Automated Fingerprint Identification System national fingerprint database and to have DNA testing of substances on his coat that had tested positive as some type of blood, of hairs found on the victim's clothing, and of scrapings taken from her fingernails. *Id*.

The district court ordered that the Idaho State Police Forensic Lab DNA test the coat, but the lab found that DNA testing could not be conducted because there was insufficient genetic material. *Id*. The comparison of the fingerprints produced matches to two individuals, but there was no evidence linking them to the murder. *Id*. at 21, 253 P.3d at 695. The DNA testing determined that the hairs found on the victim's clothing did not come from Fields. *Id*. There was also male DNA found in the scrapings from the victim's fingernails, but it also did not come from Fields. *Id*. There was no evidence that the hairs or the material scraped from the victim's fingernails came from her attacker. *Id*.

The State moved to dismiss Fields's petition on the ground that neither the fingerprint nor the DNA test results entitled Fields to relief. *Id*. In response, Fields filed affidavits of Jeffrey

2

Acheson, Betty Heaton, and Mari Munk, all of whom had testified during his trial. Heaton and Munk had been in the gift shop and had left shortly before the murder. *Id*.

> They both testified to seeing a man in the store before they left, but at trial they did not identify Fields as being that man. Rather, they gave general descriptions of the man and his clothing, and those descriptions did not match Fields. In their affidavits, they basically recount their trial testimony and state that Fields did not look like the man they saw.

*Id*. The district court denied Fields's application for post-conviction relief, and Fields appealed. *Id*. This Court affirmed the district court and held that the DNA test results did not establish that Fields did not commit the offense, and that the witness affidavits were cumulative. *Id*. at 24–25, 253 P.3d at 698–99.

Fields filed a fourth application for post-conviction relief seeking a retroactive application of the United States Supreme Court's opinion in *Ring v. Arizona,* 536 U.S. 584 (2002). The district court dismissed that application, and we upheld the dismissal on appeal. *Fields v. State,* 149 Idaho 399, 234 P.3d 723 (2010) ("Fields III").

This appeal involves Fields's fifth application for post-conviction relief filed on October 12, 2010. The petition followed an acknowledgment by the State in August 2010 that defense exhibit 22, the camouflage coat owned by Fields, was destroyed in July 2004 contrary to a court order to preserve it. In the petition, Fields alleged that the destruction of the coat at Detective Smith's direction was new evidence that helped establish his innocence, and that the intentional destruction of the coat violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution. On October 22, 2010, the State filed a motion to dismiss the petition on the grounds that the destruction of the coat is not new evidence and that facts about the destruction of the coat are nothing but impeaching and cumulative.

After further argument and briefing, the district court issued a Memorandum Decision and Order of Dismissal of Petition for Post-Conviction Relief on February 18, 2011. In its decision, the district court held that the newly discovered evidence claim is barred by I.C. § 19-2719(5)(b) and that there is no genuine issue of material fact on the destruction of evidence claim. Fields timely appealed that decision to this Court.

## II. STANDARD OF REVIEW

"Whether a successive petition for post-conviction relief was properly dismissed pursuant to I.C. § 19-2719 is a question of law. This Court reviews questions of law de novo." *Pizzuto v. State*, 134 Idaho 793, 795, 10 P.3d 742, 744 (2000) (internal citations omitted).

3

# III. ANALYSIS

In a threshold issue, the State argues that Fields's petition for post-conviction relief was untimely filed. Specifically, the State points to numerous opportunities for Fields to discover the coat's destruction in the six years that elapsed between the destruction and this petition. In response, Fields argues that counsel for Fields discovered the destruction of the coat on August 31, 2010, and filed this petition within 42 days of that date on October 12, 2010. Going further, Fields argues that the district court correctly found that Fields's failure to learn of the coat's destruction earlier was reasonable given the State's concessions that rendered DNA testing of the coat unnecessary. We find that Fields's successive petition for post-conviction relief was untimely filed in violation of I.C. § 19-2719, as he should have known of the coat's destruction more than 42 days before filing the petition.

In its decision, the district court held that, drawing inferences in favor of Fields as the non-moving party, Fields could not have reasonably known earlier about the destruction of the coat. The district court reasoned:

> The petition for Post-Conviction Scientific Testing was filed on June 27, 2002. Because Detective Smith did not order the destruction of the coat until February 17, 2004, the destruction of the coat was not a fact that could have been known at the time the case was brought. However, Detective Smith ordered the destruction of the coat in February 2004, and this successive petition was not filed until October 2010, approximately six and one-half years later. At the time that Detective Smith gave his quick email response to destroy the coat, the Petitioner had pending a Motion for Independent Testing of the coat. However, that motion was never noticed for hearing nor was it otherwise pursued. The Petitioner explains that he abandoned the motion because the facts he hoped to show through testing had been conceded by the State. The Petitioner claims he learned of the destruction of the coat on or about August 31, 2010, approximately two weeks after the State's investigation into the whereabouts of the coat was completed.

In its brief on appeal, the State argues that the district court incorrectly determined the petition to be timely and applied the wrong standard.

The timeliness of a petition for post-conviction relief in a capital case is governed by the provisions of I.C. § 19-2719. "Within forty-two (42) days of the filing of the judgment imposing the punishment of death, and before the death warrant is filed, the defendant must file any legal or factual challenge to the sentence or conviction that is known or reasonably should be known." I.C. § 19-2719(3). "In capital cases, a successive petition is allowed only where the petitioner can demonstrate that the issues raised were not known or could not reasonably have been known

4

within the forty-two day time frame." *Pizzuto v. State*, 149 Idaho 155, 160, 233 P.3d 86, 91 (2010) ("*Pizzuto VI*") (quoting *McKinney v. State*, 133 Idaho 695, 701, 192 P.2d 144, 150 (1999)).

> Idaho Code § 19-2719 places a heightened burden on petitioners to make a prima facie showing that the issues raised after the forty-two day time period were not known or could not reasonably have been known. In addition to the prima facie showing, the claims must be raised "within a reasonable time" after they become known or reasonably could have become known. Any petition for post-conviction relief that fails to meet the above requirements must be summarily dismissed.

*Id.* at 160–61, 233 P.3d at 91–92 (internal citations and quotations omitted.).

Here, the coat was destroyed on or around July 12, 2004, and the petition at issue was filed on October 12, 2010. The State argues that Fields should have known about the coat's destruction before he abandoned his 2003 Motion for Independent Scientific Testing. According to the State, had Fields "simply noticed his motion for hearing . . . he would have learned of the destruction of the coat in 2004." In what ultimately became *Fields IV*, Fields filed a Motion for Independent Scientific Testing of defense Exhibit 22, the orange camouflage coat. Fields acknowledges that he had a pending motion seeking independent testing of the coat at the time of the coat's destruction. However, Fields argues that the independent testing was never pursued because it was moot due to the State's explicit concession that the jury had no reason to believe the coat had forensic value. The State responds that this explanation is without merit and notes that the same concession was originally made in 2002, before Fields motioned for independent testing.

Additionally, Fields argues that Judge Neville did not grant him access to the evidence until 2006. On June 5, 2005, Fields filed a motion for access to evidence, seeking "access to all of the evidence collected by police to determine what additional items merit DNA or fingerprint testing." The district court granted the motion in part in an order filed on May 5, 2006. As it pertained to the camouflage coat, the order stated that "[t]his request is granted to the extent that access is currently limited to those items of evidence listed on the Respondent's Evidence Inventory list." There is no indication in the record that Fields made any further inquiry into the coat or its whereabouts at that time.

The coat next appears in the record in May 2010, when a member of Fields's legal team photographed all of the exhibits that were made available to him. The record indicates only that Defense Exhibit 22 was not made available, but there is no indication in the record that Fields

inquired about the status or location of the coat at that time. On August 17, 2010, an investigation by the State revealed that the coat had been destroyed in July 2004, by the Boise Police Department Crime Lab. The crime lab destroyed the coat after an employee asked Detective Smith whether to place the coat back in evidence or destroy it. In an email response on February 14, 2004, Detective Smith directed her to destroy the coat.

Based upon the facts in the record, it is unreasonable for Fields not to have known about the destruction of the coat until 42 days before October 12, 2010. Idaho Code section 19-2719 requires petitioners "to make a prima facie showing that the issues raised after the forty-two day time period were not known or could not reasonably have been known." *Pizzuto VI*, 149 Idaho at 160–61, 233 P.3d at 91–92. In May 2006, the district court granted access to all of the evidence listed on the State's evidence inventory list, which included the camouflage coat. Fields responds that "[i]t was perfectly reasonable for Fields to forego expensive DNA testing on a coat that concededly never had any forensic evidence of importance." But this explanation does not address whether it was reasonable for Fields not to have known about the destruction of the coat for over six years.

Given the opportunities for testing or examination of all the exhibits, and absent any compelling argument to the contrary, Fields cannot make a showing that the destruction of the coat could not reasonably have been known until October 2010. Fields should have known that the coat was destroyed no later than May 2010, when all of the exhibits were photographed by defense counsel. Therefore we find that Fields's successive petition for post-conviction relief was untimely filed in violation of I.C. § 19-2719 and we affirm the district court's dismissal of the successive petition on other grounds.

## IV. CONCLUSION

We affirm the decision of the district court on the grounds that Fields's successive petition for post-conviction relief is untimely.

Justices EISMANN, J. JONES, and W. JONES, and Justice Pro Tem KIDWELL CONCUR.

6