## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 40586

| | |
|---|---|
| ZANE JACK FIELDS, | ) |
| | ) Boise, November 2013 Term |
| Petitioner-Appellant, | ) |
| | ) 2013 Opinion No. 127 |
| v. | ) |
| | ) Filed: November 27, 2013 |
| STATE OF IDAHO, | ) |
| | ) Stephen W. Kenyon, Clerk |
| Respondent. | ) |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

The district court's order of dismissal is <u>affirmed</u>.

Federal Public Defender Services of Idaho, Boise, attorneys for Appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorneys for Respondent.

WALTERS, Justice *pro tem*

### I. NATURE OF THE CASE

Appellant Zane J. Fields was sentenced to death for first degree murder on March 7, 1991. On July 28, 2011, Fields filed his sixth successive petition for post-conviction relief in the Ada County district court. He raised claims of actual innocence, prosecutorial misconduct, and violations of the right to counsel, due process, and the right to a fair trial. The district court granted the State's motion to dismiss Fields's petition because his claims were barred by I.C. § 19-2719(5), the statute governing post-conviction procedure in capital cases. Fields now appeals the district court's dismissal of his petition. We affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 1988, Fields stabbed 69-year-old Mary Katherine Vanderford to death while stealing about $50 from the store in which she was working. Vanderford was alone in the

1

store at the time, and there were no eyewitnesses to the murder. She bled to death due to a stab wound in her neck. *See Fields v. State*, 154 Idaho 347, 348, 298 P.3d 241, 242 (2013) (*Fields V*).

At Fields's preliminary hearing, an inmate Harold Gilcrist testified that Fields confessed to the crime and made other incriminating remarks to him. At Fields's trial, Gilcrist did not testify, but three other inmates did: Jeffrey Acheson, Joe Heistand, and Scott Bianchi. Each inmate testified that Fields made incriminating statements to them about the crime while they were housed in Ada County Jail. The jury found Fields guilty of felony murder and the trial court sentenced him to death. At Fields's motion for a new trial, Gilcrist again testified and he also testified at Fields's first post-conviction proceeding. Fields has previously filed five petitions for post-conviction relief. *See id.* at 348–49, 298 P.3d at 242–43.

Fields's sixth petition for post-conviction relief, filed on July 28, 2011, is now before this Court. According to Fields, on June 17, 2011, Gilcrist met with Greg Worthen, an investigator assigned to Fields's post-conviction case, and Gilcrist verbally recanted his testimony. Then, on July 8, 2011, Gilcrist signed a non-notarized declaration stating that his testimony and previous statements were false. He claimed he was motivated by a "desire to burn Fields" for assaulting him. Gilcrist also stated he learned about Fields's crime from Detective Smith. Further, Gilcrist explained that he shared the information he learned from Detective Smith with inmates Heistand and Bianchi. Gilcrist claimed neither Heistand nor Bianchi could have testified against Fields without the information from him. Based on these facts, Fields's petition raised claims of actual innocence based on Gilcrist's recantation, prosecutorial misconduct based on Detective Smith's "manipulation of witnesses," and "violations of right to counsel, due process and fair trial rights under the Sixth and Fourteenth Amendments." To support these claims, Fields attached to his petition an affidavit by Worthen, Gilcrist's declaration, an affidavit by Acheson, and the transcript of Bianchi's testimony from a proceeding on Fields's motion for a new trial.

The State moved to dismiss the petition on numerous grounds. In response to the State's arguments that the petition failed to provide material facts and was untimely, Fields submitted a notarized affidavit by Gilcrist dated September 30, 2011, with the same information as the original declaration. Fields also submitted an affidavit by his former counsel Bruce Livingston. Later, Fields submitted another affidavit by Gilcrist dated March 14, 2012, stating that Gilcrist would not have come forward with his recantation but for a major medical crisis in 2009.

The district court granted the State's motion to dismiss Fields's petition on three grounds. First, the district court determined the petition was untimely because the petition did not meet the burden of alleging facts to show when his claims were known or reasonably should have been known as required by I.C. § 19-2719(5). Second, the district court determined Fields's petition was not supported by material facts stated under oath or affirmation as required by I.C. § 19-2719(5)(a) and I.C. § 19-4903. Third, the district court determined the matters in the petition were merely impeaching under I.C. § 19-2719(5)(b). Based on these grounds, the district court entered an order dismissing Fields's petition on November 29, 2012. Fields timely appealed to this Court.

### III. ISSUES ON APPEAL

1. Did the district court err in dismissing Fields's successive petition for failing to meet the heightened pleading standard under I.C. § 19-2719(5)?

2. Did the district court err in dismissing Fields's successive petition for failing to provide material facts as required by I.C. § 19-2719(5)(a)?

3. Did the district court err in dismissing Field's successive petition for offering impeaching evidence under I.C. § 19-2719(5)(b)?

### IV. STANDARD OF REVIEW

Under I.C. § 19-2719, "a defendant is deemed to have waived any claims if he or she fails to apply for relief within the statutory time limits, and that 'the courts of Idaho' shall have no power to consider any such claims for relief as have been so waived . . . ." *Pizzuto v. State*, 134 Idaho 793, 795, 10 P.3d 742, 744 (2000) (*Pizzuto 2000*) (quoting I.C. § 19-2719(5)). "'Whether a successive petition for post-conviction relief was properly dismissed pursuant to I.C. § 19-2719 is a question of law. This Court reviews questions of law de novo.'" *Fields V*, 154 Idaho at 349, 298 P.3d at 243 (quoting *Pizzuto 2000*, 134 Idaho at 795, 10 P.3d at 744).

### V. ANALYSIS

**A. The District Court Properly Dismissed Fields's Successive Petition For Failing To Meet The Heightened Pleading Standard Under I.C. § 19-2719(5).**

The Uniform Post-Conviction Procedure Act (UPCPA), I.C. §§ 19-4901 to -4911, generally governs post-conviction proceedings. *Pizzuto v. State*, 149 Idaho 155, 160, 233 P.3d 86, 91 (2010) (*Pizzuto 2010*). For post-conviction procedure in capital cases, however, I.C. § 19-2719 governs to the extent that the statute conflicts with the UPCPA. *Id.*

I.C. § 19-2719 requires that the petitioner follow its time limitations to obtain post-conviction relief. I.C. § 19-2719(4); *see also Pizzuto 2010*, 149 Idaho at 160, 233 P.3d at 91.

3

Under the statute, "[w]ithin forty-two (42) days of the filing of the judgment imposing the punishment of death, and before the death warrant is filed, the defendant must file any legal or factual challenge to the sentence or conviction that is known or reasonably should be known." I.C. § 19-2719(3). "Any known challenges or claims not raised within 42 days are deemed waived. Our Court strictly construes the waiver provision of I.C. § 19-2719." *Dunlap v. State*, 141 Idaho 50, 57, 106 P.3d 376, 383 (2004) (internal citation omitted).

Successive petitions are allowed only in "unusual cases." *State v. Rhoades*, 120 Idaho 795, 807, 820 P.2d 665, 677 (1991). For successive petitions, I.C. § 19-2719(5) "'places a heightened burden on petitioners to make a prima facie showing that the issues raised after the forty-two day time period were not known or could not reasonably have been known.'" *Fields V*, 154 Idaho at 350, 298 P.3d at 244 (quoting *Pizzuto 2010*, 149 Idaho at 160, 233 P.3d at 91); *see also* I.C. § 19-2719(5). Moreover, the petitioner must raise the newly discovered issues "'within a reasonable time.'" *Fields V*, 154 Idaho at 350, 298 P.3d at 244 (quoting *Pizzuto 2010*, 149 Idaho at 160, 233 P.3d at 91). "A reasonable time for filing a successive petition for post-conviction relief is forty-two days after the petitioner knew or reasonably should have known of the claim, unless the petitioner shows that there were extraordinary circumstances that prevented him or her from filing the claim within that time period." *Pizzuto v. State*, 146 Idaho 720, 727, 202 P.3d 642, 649 (2008) (*Pizzuto 2008*). "'Any petition for post-conviction relief that fails to meet the above requirements must be summarily dismissed.'" *Fields V*, 154 Idaho at 350, 298 P.3d at 244 (quoting *Pizzuto 2010*, 149 Idaho at 161, 233 P.3d at 92).

In this case, Fields first contends that the appropriate date to determine the timeliness of his successive petition is the date of Gilcrist's recantation. Based on this contention, Fields asserts his petition was timely filed because he filed his petition within forty-two days of the date of Gilcrist's declaration. Contrary to Fields's argument, however, this Court has repeatedly examined when the petitioner reasonably should have known of his claim to determine the petition's timeliness. *See, e.g.*, *Fields V*, 154 Idaho at 350–51, 298 P.3d at 244–45; *Stuart v. State*, 149 Idaho 35, 42, 232 P.3d 813, 820 (2010); *Pizzuto 2010*, 149 Idaho at 161–62, 163–64, 233 P.3d at 92–93, 94–95; *Pizzuto 2008*, 146 Idaho at 727, 202 P.3d at 64; *McKinney v. State*, 133 Idaho 695, 703–04, 992 P.2d 144, 152–53 (1999); *Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993). Thus, even if Fields arguably knew about his claim on the date of Gilcrist's recantation, this has no bearing on when Fields's claim was "knowable." *Pizzuto 2008*,

4

146 Idaho at 727, 202 P.3d at 649. For Fields's petition to be timely filed, he must establish that he raised these newly discovered issues within forty-two days of when he knew *and* reasonably should have known of the claims. *See id.*; *Paz*, 123 Idaho at 760, 852 P.2d at 1357; *Rhoades*, 120 Idaho at 807, 820 P.2d at 677. In addition, Fields must meet this heightened pleading standard of I.C. § 19-2719(5) before we may consider merits of his claims. *Stuart*, 149 Idaho at 41, 232 P.3d at 819.

To determine timeliness, we turn to the facts provided by Fields. Fields's petition is accompanied by four relevant exhibits: (1) the transcript of Bianchi's testimony at a proceeding on Fields's motion for a new trial in August 1992; (2) Worthen's affidavit; (3) Acheson's affidavit dated July 16, 2004; and (4) Gilcrist's declaration. In the first exhibit, the transcript, Bianchi denied that his trial testimony was false, even though he agreed that he met with Fields's former counsel in April 1992 and told Fields's counsel otherwise. Throughout his testimony, Bianchi mentioned Gilcrist only three times. First, Bianchi denied sharing a police file with Gilcrist. Second, Bianchi stated that he told Gilcrist that he would tell the court his testimony was false if he believed his life was in danger. Third, he explained that he believed the police approached him to testify at trial because Gilcrist gave the police his name after Bianchi told Gilcrist about the case. In the second exhibit, Worthen described Fields's counsel's attempts to contact Gilcrist. Worthen stated that Fields's former investigators attempted to locate Gilcrist sometime prior to 2007 and in January 2008. In the summer of 2010, Worthen "regularly searched" for Gilcrist. He found Gilcrist in May 2011 and interviewed Gilcrist on June 17, 2011. Worthen then received Gilcrist's declaration on July 8, 2011. In the third exhibit, the affidavit from Acheson, Acheson stated, "Howie G., Joe H. and Scott Bianchi told me of how they had made up most of what they were saying in order to get out of Orofino." The fourth relevant exhibit is Gilcrist's declaration in which he recanted his testimony and stated that he had never previously disclosed his recantation to Fields's counsel. These exhibits contain little to any facts pertaining the years between 1992 and 2004, 2004 and 2007, and 2008 and 2010.

The alleged facts in Fields's petition and accompanying exhibits provide insufficient information to establish when Fields reasonably should have known of his claims. Bianchi's testimony lacks any allegations that Gilcrist testified falsely or provided information to him and other inmate witnesses. And although Acheson's affidavit states "Howie G.," presumably Gilcrist, told him that his testimony was false, this affidavit has no information to correctly place

it in the timeline of events. Neither the petition nor exhibits state when Fields received this information from Acheson. Assuming Fields received Acheson's affidavit near its execution date of July 16, 2004, Fields reasonably should have known of a claim based on Gilcrist's false testimony much earlier than forty-two days prior to his current filing. Further, no facts explain why Fields's counsel did not engage in more attempts to contact Gilcrist between 1992 and 2007, especially in light of Fields's current claim that Gilcrist's actions are central to his wrongful conviction. Based on the information provided by Fields, it is impossible to determine when it would be reasonable for Fields to know he had a claim based on Gilcrist's alleged actions.

Fields cannot cure these factual shortcomings in his petition with supplemental affidavits filed months after his petition. Unlike an ordinary summary judgment proceeding, I.C. § 19-2719(5) and the UPCPA require "'much more than a short and plain statement of the claim'" in a petition for post-conviction relief. *State v. Payne*, 146 Idaho 548, 560–61, 199 P.3d 123, 135–36 (2008) (quoting *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002)). For capital cases, the petitioner must show the existence of issues by a precise statement of the issues together with material facts. I.C. § 19-2719(5)(a). "A pleading that fails to make a showing of excepted issues supported by material facts . . . must be summarily dismissed." *Id.* Similarly, for all post-conviction cases, "[a]ffidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached." I.C. § 19-4903. Based on these statutory requirements, we have stated, "The application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal." *Payne*, 146 Idaho at 561, 199 P.3d at 136 (citing I.C. § 19-4903). In other words, I.C. § 19-2719(5) and the UPCPA do not allow the court to review evidence beyond the petition and its accompanying evidence to determine whether the petition meets the heightened pleading standard in I.C. § 19-2719(5). *See Fields v. State*, 135 Idaho 286, 291, 17 P.3d 230, 235 (2000) (*Fields II*) (refusing to consider evidence submitted in later filings, absent an amendment to the petition, to form a basis for granting a petition for post-conviction relief). It follows then that a petition's timeliness, which is required under the heightened pleading standard in I.C. § 19-2719(5), must be supported solely by the petition and its accompanying evidence. Therefore, Fields cannot submit supplemental evidence to cure his petition for failing to allege timeliness.

In summary, Fields's petition and its accompanying exhibits do not show that Fields filed his petition within forty-two days after he knew and reasonably should have known of his claims.

6

*See Stuart*, 149 Idaho at 42, 232 P.3d at 820. Accordingly, we affirm the district court's dismissal of Fields's petition.

**B.      The District Court Properly Dismissed Fields's Successive Petition For Failing To Provide Material Facts As Required By I.C. § 19-2719(5)(a).**

To support the claims in a petition, the exhibits accompanying a petition must be admissible evidence. *See* I.C. § 19-4903 (requiring that "[a]ffidavits, records, or other evidence" be attached to the petition); I.C. § 19-2719(5)(a) ("An allegation that a successive post-conviction petition may be heard . . . shall not be considered unless the applicant shows the existence of such issues by (i) a precise statement of the issue or issues asserted together with (ii) material facts stated under oath or affirmation by credible persons with first hand [sic] knowledge that would support the issue or issues asserted."). As we stated in the capital case *Payne*, the petition "must present or be accompanied by *admissible evidence* supporting its allegations or the application will be subject to dismissal." 146 Idaho at 561, 199 P.3d at 136 (emphasis added).

In this case, Fields's petition fails because his claims are not supported by admissible evidence as required by I.C. § 19-2719(5) and the UPCPA. Specifically, the facts in Gilcrist's declaration provide the foundation for Fields's claims of actual innocence, prosecutorial misconduct, and violations of the right to counsel, due process, and the right to a fair trial. Gilcrist's declaration, however, is not admissible evidence. The declaration plainly is not an affidavit because it lacks notarization. *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010) ("This document was not signed or notarized and, therefore, does not constitute an affidavit under the law."); BLACK'S LAW DICTIONARY 66 (9th ed. 2009) ("[An] affidavit [is] . . . [a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths."). Nor does the declaration possess any other indicia of authenticity. *See* BLACK'S LAW DICTIONARY at 151 ("[A]uthentication [is] . . . the act of proving that something (as a document) is true or genuine, esp. so that it may be admitted as evidence; the condition of being so proved . . . ."). Based on the declaration's deficiencies, the district court properly rejected it as support for Fields's claims. Without that declaration, Fields's claims are not supported by material facts stated under oath or affirmation as required by I.C. § 19-2719(5)(a). Accordingly, we affirm the district court's summary dismissal of Fields's petition on this basis as well as its untimeliness.

7

**C.  District Court Properly Dismissed Fields's Successive Petition Because It Alleges Merely Impeaching Evidence Under I.C. § 19-2719(5)(b).**

Under Idaho Code § 19-2719(5)(b), a successive petition is facially insufficient if "it alleges matters that are cumulative or impeaching or would not, even if the allegations were true, cast doubt on the reliability of the conviction or sentence." I.C. § 19-2719(5)(b). This Court previously applied this provision to Fields's third petition for post-conviction relief in *Fields v. State*, 151 Idaho 18, 253 P.3d 692 (2011) (*Fields IV*). In that case, Fields submitted an affidavit from Acheson[1] that stated "the other three inmates who also testified at the trial regarding incriminating statements by Fields 'told me of how they had made up most of what they were saying, in order to get out of Orofino [a prison facility in north Idaho].'" *Id.* at 21, 253 P.3d at 695 (alteration in original). Acheson also stated in the affidavit, "I can tell you that I'd not have testified against Zane without the information given to me by the police, prosecutors & other witnesses." *Id.* at 25, 253 P.3d at 699. The Court determined that Acheson's affidavit "would not support a claim for post-conviction relief" because the statements in the affidavit were an attempt to merely impeach the testimony of Acheson and the other three inmates. *Id.* Similar to Acheson's affidavit, Gilcrist's declaration states he would not have testified against Fields but for the information provided to him by Detective Smith. He also claims that he shared that incriminating information about Fields with Heistand and Bianchi. Even if Gilcrist testified at trial, which he did not, the information in his declaration serves only to impeach the trial testimony of Heistand, Bianchi, and Detective Smith. Moreover, Heistand, Bianchi, and Detective Smith provided affidavits in this case that denied Gilcrist's allegations and stated that they told the truth during trial. Thus, Gilcrist's declaration serves only to undermine the credibility of a few trial witnesses. Accordingly, we affirm the district court's dismissal of Fields's petition for alleging matters that are merely impeaching.

## VI. CONCLUSION

Based on the foregoing reasons, the district court's dismissal of Fields's sixth successive petition is affirmed.

Chief Justice BURDICK, Justices EISMANN, J. JONES and Justice *pro tem* KIDWELL, CONCUR.

---

[1] Based on the quoted language from the Acheson affidavit in *Fields IV*, it is likely that the Acheson affidavit in *Fields IV* and the Acheson affidavit in the record for this appeal are the same document.

8