**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41847**

| | | |
|---|---|---|
| **RONALD RAY HENRY,** | ) | **2015 Unpublished Opinion No. 595** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed:  August 25, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Michael J. Griffin, District Judge.

Order of the district court summarily dismissing second successive petition for post-conviction relief, <u>affirmed</u>.

Ronald Ray Henry, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Ronald Ray Henry appeals from the district court's order summarily dismissing his second successive petition for post-conviction relief.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Henry was found guilty of rape, burglary, grand theft, and false imprisonment.  Henry appealed and this Court affirmed Henry's conviction.  *State v. Henry*, Docket No. 33116 (Ct. App. Jan. 17, 2008) (unpublished).  Henry filed his first petition for post-conviction relief, which was summarily dismissed after a hearing.  He initially appealed that dismissal, but later voluntarily dismissed the appeal.  Henry next filed a successive petition for post-conviction relief, which was summarily dismissed.  He filed an appeal to that dismissal, but the Idaho Supreme Court dismissed his appeal for failure to comply with Idaho Appellate Rule 11.2.

1

Henry then filed a second successive petition for post-conviction relief. The district court denied Henry's request for counsel and issued a notice of intent to dismiss his petition for post-conviction relief, explaining that Henry had not supported his petition with any admissible evidence. Henry was notified he had twenty days to file a response, which he failed to do. The district court entered an order dismissing Henry's second successive petition. Henry filed a motion to reconsider both the summary dismissal of his petition for post-conviction relief and the denial of his motion for appointment of counsel. Henry appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

We will not address the merits of Henry's various claims.[1] As the district court explained in its notice of intent to dismiss, Henry provided no evidence supporting his claims, nor did he

---

[1] It appears from the record that, even if we were to address Henry's claims, all are barred because they were either raised on direct appeal, were raised in a prior petition for post-conviction relief, or could have been previously raised. The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction

2

provide a statement explaining why such supporting evidence was not included with his petition. Declarations made in a petition for post-conviction relief are not admissible evidence if the petition lacks notarization. *See Fields v. State*, 155 Idaho 532, 537, 314 P.3d 587, 592 (2013). In this case, Henry's petition was not notarized, and therefore declarations made in the petition are not admissible evidence. With his petition, Henry provided a notarized affidavit. Declarations made in the notarized affidavit can be admissible evidence. *See* I.C. § 19-4902(a). However, in this case, Henry did not make any assertions that supported his claims for post-conviction relief. Henry's affidavit reemphasized the legal conclusions made in his petition for post-conviction relief, but it provided no evidence to support the allegations made in his petition.

## III.
## CONCLUSION

Because neither Henry's petition nor affidavit provided any admissible evidence to support his allegations, the district court did not err in summarily dismissing Henry's petition for post-conviction relief. Thus, we affirm the district court's order summarily dismissing Henry's second successive petition for post-conviction relief. Further, because Henry's petition does not establish a valid claim, we also affirm the district court's denial of Henry's request for an attorney.[2] No costs or attorney fees are awarded on appeal.

Judge GRATTON **CONCURS**.

Chief Judge MELANSON **CONCURS IN THE RESULT**.

---

proceedings. I.C. § 19-4901(b); *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989).

[2] We need not further address the denial of Henry's request for counsel because Henry's petition did not satisfy the requirement that it allege facts showing the possibility of a valid claim. *See Murphy v. State*, 156 Idaho 389, 393, 327 P.3d 365, 369 (2014).