# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43131

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JASON MCCLURE,

      Defendant-Appellant.

Boise, January 2016 Term

2016 Opinion No. 11

Filed: February 25, 2016

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

The judgment of the district court is affirmed.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant. Jason Pintler argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Russell J. Spencer argued.

---

J. JONES, Chief Justice

Defendant Jason McClure was convicted of criminal contempt after he failed to make restitution payments required under his 1999 conviction for burglary. The contempt charge was based on a "Motion and Affidavit in Support of Contempt Proceedings" signed and sworn to before a deputy court clerk, rather than a notary public. McClure moved to dismiss the contempt charge against him, challenging the validity of the arrest warrant on various grounds. Each was rejected. Ultimately McClure conditionally pled guilty to the contempt allegation, preserving his right to challenge the denial of his motion to dismiss. He timely appealed and the Idaho Court of Appeals vacated the district court's judgment of criminal contempt, holding that the document did not impart subject matter jurisdiction over the contempt proceeding because it was not notarized. The State filed a petition for review, which this Court granted.

1

# I.
## FACTUAL AND PROCEDURAL HISTORY

In 1999, McClure pled guilty to two counts of burglary. The district court sentenced McClure to a unified term of ten years, with two years determinate, and retained jurisdiction. The district court also ordered McClure to pay $18,600.06 in restitution to the victims for damaged property and unrecovered stolen property. McClure made payments on an irregular basis until 2010. In 2010, McClure's parole officer noted that McClure was not in compliance with his probation in that he was behind on restitution payments. The record discloses no restitution payments made after December 2009.

In 2012, an Elmore County deputy district court clerk filed a "Motion and Affidavit in Support of Contempt Proceedings" in McClure's criminal case, declaring that McClure had violated the district court's 1999 judgment by failing to pay restitution. The document was signed by the deputy clerk in the presence of another deputy clerk, who indicated that the document was "[s]ubscribed and sworn to before me," but the document was not notarized. A warrant was issued for McClure's arrest based on the document.

In 2013, McClure was arrested for contempt. McClure moved to dismiss the contempt charge but the district court denied the motion. McClure's motion did not raise the issue of notarization of the contempt affidavit. McClure conditionally pled guilty to the contempt charge on October 21, 2013, preserving his right to challenge the denial of his motion to dismiss, and he was sentenced to five days in jail with credit for time served. McClure timely appealed.

# II.
## ISSUE PRESENTED ON APPEAL

The only issue raised on appeal is whether the "Motion and Affidavit in Support of Contempt Proceedings" failed to impart subject matter jurisdiction because it was not notarized.

# III.
## STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014). Whether a charging document conforms to the requirements of the law, including whether it confers subject matter jurisdiction, is a question of law over which appellate courts exercise free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

# IV.
# ANALYSIS

McClure challenges, for the first time on appeal, the sufficiency of the document that alleged he was in contempt of the restitution order. Specifically, he contends that the contempt proceeding was not properly commenced because the document was not notarized and was therefore not an "affidavit" under Idaho law.[1] If the proceeding was not properly commenced, the district court lacked subject matter jurisdiction and its judgment of contempt is void.

Idaho Criminal Rule 42 governs criminal contempt. Where, as here, the alleged contempt was committed outside the presence of the court, Rule 42(c) applies. Per Rule 42(c)(2), such nonsummary contempt proceedings may only be commenced by motion and affidavit. "The affidavit on which contempt proceedings are based constitutes the complaint." *Jones v. Jones*, 91 Idaho 578, 581, 428 P.2d 497, 500 (1967). "In a contempt proceeding the court acquires no jurisdiction to proceed until a sufficient affidavit is presented." *Id.* Rule 42 does not define "affidavit."[2]

The question before the Court is whether the "Motion and Affidavit in Support of Contempt Proceedings" imparted subject matter jurisdiction despite its lack of notarization. McClure argues that notarization is a necessary component of an "affidavit" such that a document lacking notarization cannot properly be considered an affidavit. McClure relies on *Fields v. State* for the proposition that a document that is not notarized is not an affidavit. 155 Idaho 532, 537, 314 P.3d 587, 592 (2013). The State argues that notarization is not required and that an affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." BLACK'S LAW DICTIONARY 66 (9th ed. 2009). The State points out that a deputy clerk of the court is "an officer authorized to administer oaths" under Idaho Code. *See* I.C. §§ 9-1401, 31-2001, 31-2008, 31-2011.[3] Accordingly, the State

---

[1] Idaho Code section 9-1406(1) allows a written but unsworn declaration to be treated as an affidavit under certain circumstances. Section 9-1406(1) took effect on July 1, 2013. Accordingly, it has no bearing on the document in this case, which was filed on June 27, 2012. McClure concedes that if this statute had been in effect when the document was filed it would have clearly conferred subject matter jurisdiction upon the court.

[2] The Idaho Notary Public Act does define "affidavit": "As used in this chapter: … (5) 'Affidavit' means a declaration in writing, under oath, and sworn to or affirmed by the declarant before a person authorized to administer oaths." I.C. § 51-102. However, because this chapter is not otherwise implicated in this case, the Court will not apply that definition of "affidavit" here.

[3] Per Idaho Code section 9-1401, "[e]very … clerk of any court … has power to administer oaths or affirmations." Per Idaho Code section 31-2011, "[e]very county officer may administer and certify oaths." Per Idaho Code section 31-2001(2), county officers include "[a] clerk of the district court." Per Idaho Code section 31-2008, "[w]henever

reasons, because the document was signed by two deputy clerks, one of whom indicated that the document was "[s]ubscribed and sworn to before me," the document complies with the Black's Law definition of "affidavit" and was adequate to impart subject matter jurisdiction.

The State also relies on *Fields*, noting that it cites with approval the same definition of "affidavit" the State urges here. In *Fields*, the defendant offered a signed but non-notarized declaration as evidence in a proceeding for post-conviction relief. 155 Idaho at 534, 314 P.3d at 589. The Court held the declaration inadmissible because it was neither an affidavit, given its lack of notarization, nor were there "any other indicia of authenticity." *Id.* at 537, 314 P.3d at 592. Contrasting *Fields*, the State argues that the motion and affidavit in this case, drafted and signed by a disinterested deputy clerk of the court, countersigned by a second disinterested deputy, and based on information contained in McClure's criminal case file, bear ample indicia of authenticity.

*Fields* does not definitively decide what constitutes an affidavit. *Fields* is ambiguous at best in its consideration of the sufficiency of an affidavit.

> The declaration plainly is not an affidavit because it lacks notarization. *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010) ("This document was not signed or notarized and, therefore, does not constitute an affidavit under the law."); BLACK'S LAW DICTIONARY 66 (9th ed. 2009) ("[An] affidavit [is] ... [a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths."). Nor does the declaration possess any other indicia of authenticity.

*Fields*, 155 Idaho at 537, 314 P.3d at 592. The *Fields* Court did not examine whether a document lacking notarization could nonetheless suffice as an affidavit under appropriate circumstances, although its quotation of Black's Law at least suggests that an affidavit could be valid if "sworn to . . . before an officer authorized to administer oaths," regardless of whether it was notarized.

The State also quotes *State v. Badger* for the proposition that "the word 'affidavit' is broad enough to include the recording of sworn testimony. We find no express requirement of a 'written' affidavit and our holding does no violence to the purpose or spirit of our constitution but merely recognizes modern advances in technology." 96 Idaho 168, 170, 525 P.2d 363, 365 (1974). *Badger* addressed whether an informant's testimony, given under oath and recorded electronically, was an "affidavit" sufficient under Idaho Constitution, article 1, section 17 to

---

the official name of any principal officer is used in any law conferring power, or imposing duties or liabilities, it includes his deputies."

support a search warrant even though no written affidavit was ever filed. *Id.* at 169, 525 P.2d at 364. Even though the facts in the present case differ from those in *Badger*, the State nonetheless urges the Court to consider the purpose and spirit of the laws and rules addressing the sufficiency of an affidavit.

Here, the document at issue qualifies as an affidavit. A deputy clerk signed it in the presence of a second deputy clerk, whose signature indicated that the document was "[s]ubscribed and sworn to before" the clerk. Because deputy clerks of the court are authorized to administer oaths and affirmations, and because this construction of "affidavit" does no violence to the purpose or spirit of the applicable laws and rules, we hold that the "Motion and Affidavit in Support of Contempt Proceedings" here was a valid and effective affidavit. As such, it imparted subject matter jurisdiction over McClure's contempt charge.

## V.
## CONCLUSION

We affirm the district court's judgment of conviction.


Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.